I.
Harvey Caldwell, Jr. pleaded guilty to burglary in 1979. His 1988 Petition for Expungement was denied by the sentencing court. He appeals from that denial, asking this Court to enunciate the power of a Circuit Court to expunge a criminal record. There is a statute granting Circuit Courts the power to expunge criminal records resulting from guilty pleas if certain conditions are met. A thorough reading of that statute, along with the record in this case, reveals no error; accordingly, we affirm.
 II.
On September 25, 1979, twenty-two (22) year old Harry Caldwell, Jr. [Caldwell] was indicted by a Rankin County Grand Jury for burglary of a drugstore pursuant to § 97-17-33 Miss. Code Ann. Caldwell pleaded guilty on October 9, 1979. On November 2, 1979, Caldwell was sentenced by the Rankin County Circuit Court to a term of seven (7) years in the custody of the Mississippi Department of Corrections, suspended, five (5) years probation, ordered to make restitution and perform public service work for the city of Pearl, Mississippi, each Saturday for six (6) months.
A Petition for Termination of Probation was filed with the Rankin County Circuit Clerk on November 2, 1984. An Order terminating Caldwell's probation was entered November 2, 1984.
Caldwell filed a Petition for Expungement of Criminal Record with the Circuit Clerk of Rankin County on August 1, 1988. The Petition requested the court to enter an Order requiring the following:
 (1) That the records of petitioner's indictment, arrest, booking, conviction, and sentencing on or about September 25, 1979, under Number 593 of the Circuit Court of Rankin County;, Mississippi, be expunged; *Page 1372 
 (2) That the fingerprints, photographs and palmprints taken during and following this arrest be returned to the petitioner;
 (3) That the Clerk of the Circuit Court of Rankin County, Mississippi seal the records filed under State of Mississippi v. Harvey Caldwell, Jr.,
Number 593, including all stenographic minutes pertaining thereto, which records shall not be inspected or divulged to any person, and
 (4) That the arrest of petitioner on or about September 25, 1979 be deemed a nullity and that the petitioner be restored, in contemplation of law, to the status he occupied before his arrest.
On August 11, 1988, the Circuit Court of Rankin County entered its Order denying the Petition. The Order reads:
 THIS DAY THIS CAUSE, having come before this Court and on Defendant's Petition for Expungement of his criminal record, and the Court having heard argument of counsel and finds said petition is not well-taken only because this Court finds that it does not have the power to order same; and
 THEREFORE said petition is DENIED.
 SO ORDERED, this the 9th day of August, 1988.
Caldwell filed his Notice of Appeal September 9, 1988.
 III. Whether the Circuit Court Has the Inherent Power to Order the Expungement of a Criminal Record.
Records of criminal offenses are kept pursuant to statute:
 § 45-27-1. Legislative findings and declaration of purpose. The legislature finds and declares that a more effective administrative structure now is required to control the collection, storage, dissemination and use of criminal offender record information. These improvements in the organization and control of criminal offender recordkeeping are imperative both to strengthen the administration of criminal justice and to assure appropriate protection of rights of individual privacy. The legislature further finds that vigorous protection of such rights of individual privacy is an indispensable element of a fair and effective system of criminal offender recordkeeping. The purposes of this chapter are (a) to control and coordinate criminal offender recordkeeping within this statute; (b) to assure periodic reporting to the governor and legislature concerning such recordkeeping; and (c) to establish a more effective administrative structure of the protection of individual privacy in connection with such recordkeeping.
The legislature of Mississippi has specifically authorized expungement of criminal offender records in limited cases: youth court cases §§ 43-21-159 and 43-21-265; first offense misdemeanor convictions occurring prior to age 23, § 99-19-71; and drug possession convictions occurring prior to age 26, § 41-29-150; purchase of alcoholic beverages by one under age 21, § 67-3-70; municipal court convictions, § 21-23-7.
Expungement of felony convictions which arose pursuant to guilty pleas are governed by § 99-15-57, which became effective March 20, 1986. That section reads:
 Any person who pled guilty within six (6) months prior to the effective date of Section 99-15-26, Mississippi Code of 1972, and who would have otherwise been eligible for the relief allowed in such section, may apply to the court in which such person was sentenced for an order to expunge from all official public records all recordation relating to his arrest, indictment, trial, finding of guilty, and sentence. If the court determines, after hearing, that such person has satisfactorily served his sentence or period of probation and parole, pled guilty within six (6) months prior to the effective date of Section 99-15-26 and would have otherwise been eligible for the relief allowed in such section, it may enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or indictment. No *Page 1373 
person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest, or indictment or trial in response to any inquiry made of him for any purpose.
(emphasis added).
Section 99-15-26 reads:
 (1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41-29-139(a)(1), Mississippi Code of 1972, except for a charge under said provision when the controlled substance involved is one (1) ounce or less of marihuana; (b) with an offense pertaining to the possession of one (1) kilogram or more of marihuana as provided in Section 41-29-139(c)(2)(D), Mississippi Code of 1972; or (c) with an offender under the Mississippi Implied Consent Law.
 (2) Conditions which the circuit or county court may impose under subdivision (1) of this section shall consist of:
 (a) Reasonable restitution to the victim of the crime.
 (b) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
 (c) Payment of a fine not to exceed the statutory limit.
 (d) The court may, in its discretion, require the defendant to remain in the program subject to good behavior for a period of time not to exceed one-half (1/2) of the maximum sentence allowable for the crime committed by the defendant.
 (3) Upon successful completion of the court-imposed conditions permitted by subdivision (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
 (4) This section shall take effect and be in force from and after March 31, 1983.
(emphasis added).
Under the immediately preceding statutes, a circuit court has the power to expunge a felony conviction pursuant to a guilty plea under certain conditions. Accordingly, we find that the Circuit Court of Rankin County had the power to order the expungement of Caldwell's record if, after hearing, the court found that Caldwell met the conditions set forth in those sections.
Caldwell might have been eligible for relief pursuant to §§99-15-57 and 99-15-26 if his guilty plea had occurred on or after October 1, 1982, that being the earliest date to satisfy thewithin six (6) months immediately prior to March 31, 1983, requirement of § 95-15-57. However, Caldwell pleaded guilty to the felony of burglary on October 9, 1979, three (3) years prior to October 1, 1982. Additionally, Caldwell admits that he does not fall within the criterion in any of the foregoing statutes authorizing expungement.
Upon a careful review of the facts presented, in light of the provisions of §§ 99-15-57 and 99-15-26 and Caldwell's admission, we find that the trial court did not err in denying Caldwell's petition for expungement and therefore, this assignment is without merit.
 IV.
Caldwell presents as his second assignment of error "Whether the Denial of Expungement to the Petitioner Violates His Right to Equal Protection Under the Fourteenth Amendment." However, Caldwell *Page 1374 
presents no authority or argument on this assignment, saying only "that there is no rational basis for this unequal treatment and the petitioner should therefore be granted his expungement." Accordingly, we find this assignment to be without merit. See
Miss.Sup.Ct.Rule 28(a); Read v. Southern Pine Elec. PowerAss'n., 515 So.2d 916 (Miss. 1987); Brown v. State,534 So.2d 1019 (Miss. 1988).
The August 9, 1988 Order of the Circuit Court of Rankin County denying Caldwell's Petition for Expungement is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.