## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 98-CA-00066-SCT

*CHARLES ELLIOT McGREW*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN J. MAGGIO |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED-3/11/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/13/99 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

#### STATEMENT OF THE CASE

¶1. On December 7, 1989, the Appellant, Charles Elliot McGrew (hereinafter "McGrew") was indicted on two (2) counts of capital rape in the Circuit Court of Harrison County, Mississippi. The rapes had allegedly been committed by McGrew against his two (2) step-daughters between 1972 and 1974.

¶2. By order dated August 2, 1990, the circuit judge entered an order dismissing, with prejudice, both cases. The State appeal the order of dismissal.

¶3. On November 15, 1996, McGrew moved the Circuit Court of Harrison County for entry of an order of expungement of the record of his arrest and the subsequent indictment. By order dated December 11, 1997, the Circuit Court denied the motion and relief requested. The circuit judge opined that he lacked the statutory authority to expunge McGrew's record under Miss. Code Ann. § 99-15-26 (Supp. 1998), as McGrew's indictment involved crimes against the person of another.

¶4. Aggrieved by the court's decision, McGrew perfected his appeal to this Court on January 8, 1998, raising the following issue:

**MISS. CODE ANN. § 99-15-26(4) PROVIDES FOR EXPUNGEMENT IN ANY CASE, INCLUDING THOSE INVOLVING CRIMES AGAINST THE PERSON, WHERE THE CHARGES WERE DROPPED, DISMISSED, OR THERE WAS NO DISPOSITION OF THE CASE.**

¶5. This Court finds that subsection (4) of § 99-15-26, does permit the circuit court to consider and impose expungement in such situations. As a result, this case is reversed and remanded in order for the court below to reconsider McGrew's motion for expungement consistent with the holding in this decision.

## STATEMENT OF FACTS

¶6. On December 7, 1989, two indictments charging capital rape were returned against Charles Elliott McGrew by a Harrison County Grand Jury. McGrew was charged in cause number 24,591 with raping Teresa Fleming, a child under the age of fourteen (14) years, "on or about the year of 1972." He was also charged in lower court cause number 24,592, with raping Abbie L. Cooley, also a child under the age of fourteen (14) years, "on or about the years of 1972 through 1974." These two young girls were McGrew's step-daughters.

¶7. On August 2, 1990, the Circuit Court of Harrison County, Kosta N. Vlahos, Circuit Judge, presiding, entered a two (2) page order dismissing both cases "with prejudice" because of the lengthy "pre-accusation" delay - nearly eighteen (18) years.

¶8. On November 15, 1996, McGrew filed in the Circuit Court of Harrison County a motion to expunge his record in lower court cause numbers 24,591 and 24,592. A hearing adjudicating the merits of the motion was conducted before Judge Vlahos on January 27, 1997. After arguments by both litigants, Judge Vlahos took the matter under advisement.

¶9. On December 11, 1997, Judge Vlahos entered a two (2) page order denying McGrew's motion to expunge as follows:

> [i]n order to prevail on his motion, movant must fall within the class set out in section 99-15-26(1), before section 99-15-26(4) can be applied. By definition, section 99-15-26(1) excludes from consideration any individual charged with a crime against the person. As movant was charged with crimes against persons, section 99-15-26(4) does not apply to him. He was not a member of the class intended to benefit from the statute. Accordingly, this Court does not have the authority to grant the motion to expunge.

¶10. In his appeal to this Court, McGrew contends the circuit court " . . . should have expunged his record of arrest and the subsequent indictment pursuant to Miss. Code Ann. Section 99-15-26(4), which provides for expungement in cases in which an arrest was made and the case was dismissed." McGrew asserts that Judge Vlahos incorrectly interpreted § 99-15-26 when he held that the remedy of expungement was not available to cases involving crimes against the person.

¶11. An adverse ruling to McGrew in the circuit court now brings this matter before this Court.

## DISCUSSION OF THE ISSUE

¶12. The only issue raised by McGrew in the case *sub judice* concerns whether subsection (1) of § 99-15-

26 prevents the expungement of cases in subsection (4) of the same statute involving crimes against the person.

¶13. Section 99-15-26(1), the non-adjudication statute, reads, in part, as follows:

(1) In all criminal cases, felony and misdemeanor, **other than crimes against the person**, the circuit or county court shall be empowered, **upon the entry of a plea of guilty by a criminal defendant**, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subdivision (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for release in accordance with this section . . . .

(emphasis added).

¶14. By virtue of an amendment to Miss. Code Ann. § 99-15-26 effective from and after July 2, 1996, a new subsection (4) was added and the former subsection (4) was renumbered as subsection (5). Subsection (4) now reads as follows:

(4) The court may expunge the record of **any case** in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.

(emphasis added).

¶15. In review, § 99-15-26(4), as amended, authorizes the county or circuit court to expunge "the record of any case" in which

1. an arrest was made,

2. the person arrested was released

*and*

a. the case was dismissed *or*

b. the charges were dropped *or*

c. there was no disposition of such case.

¶16. In order to assess the legislative intent behind the statute in question, an analysis of the legislative history surrounding it is instructive. Virtually the same language contained in § 99-15-26 was added to four (4) other statutes via the 1996 amendment found in House Bill No. 653 and enacted as 1996 Miss. Laws Ch. 454. The other four (4) statutes and their subject matter are identified as follows:

Section 21-23-7. **Powers and duties of municipal judge; mayor serving as municipal judge.**

Section 43-21-159. **Transfer of cases from other courts.**

Section 99-15-57. **Relief for certain persons who pled guilty within six months prior to the effective date of section 99-15-26.**

Section 99-19-71. **Expunction of misdemeanor conviction occurring prior to twenty-third birthday.**

¶17. Specifically, Miss. Code Ann. § 99-15-57 (Supp. 1998), defines the target of an order of expungement as follows:

Any person who pled guilty within six (6) months prior to the effective date of Section 99-15-26, Mississippi Code of 1972, and who would have otherwise been eligible for the relief allowed in such section, may apply to the court in which such person was sentenced for an order to expunge from all official records all recordation relating to his arrest, indictment, trial, finding of guilty, and sentence . . .**The court may expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.**

(emphasis added).

¶18. Also, under Miss. Code Ann. § 41-29-150 (Rev. 1993), certain drug offenders " . . . may apply to the court for an order to expunge from all official records, other than the non-public records to be retained by the bureau [of narcotics] under paragraph (1) of this subsection, **all recordation relating to his arrest, indictment, trial, finding of guilty, and dismissal and discharge pursuant to this section** . . ." (emphasis added).

¶19. An overview of our expungement statutes in existence prior to the 1996 amendment is found in *Caldwell v. State*, 564 So. 2d 1371 (Miss. 1990). This Court, analyzed sections 99-15-57 and 99-15-26 as they existed prior to the new expungement language added in 1996 to both statutes. In *Caldwell* we held that

Under the immediately preceding statutes, a circuit court has the power to expunge a felony conviction pursuant to a guilty plea under certain conditions. Accordingly, we find that the Circuit Court of Rankin County had the power to order the expungement of Caldwell's record if, after hearing, the court found that Caldwell met the conditions set forth in those sections.

564 So. 2d at 1373.

¶20. In the case at bar, McGrew is seeking to expunge his record of arrest as well as all recordation relating to the two felony indictments - both dismissed with prejudice - which flowed in the wake of that arrest. There was, of course, no conviction by guilty plea or trial by jury.

¶21. McGrew contends that subsection (4) stands separate and apart from subsection (1) and that subsection (4) provides for an expungement in "any case" where the charges were dropped, dismissed, or there was no disposition. Conversely, Judge Vlahos deduced that subsection (4) does not apply to crimes against the person subject to subsection (1). However, the Judge recognized that the intent of the Legislature was far from clear.

¶22. Despite the apparent ambiguity regarding the application of subsection (1) to subsection (4) of § 99-15-26, the intent of the statute was to give circuit and county court judges, the power to expunge public records in certain instances. Although the language in subsection (4) granting this authority was not added via a statute separate and apart from all others, it does not follow that subsection (4) must implicitly relate

back to subsection (1).

¶23. While subsection (1) does exclude "crimes against the person," that proscription only has application "upon the entry of a plea of guilty by a criminal defendant." Miss. Code Ann. § 99-15-26(1). In the case at bar, McGrew never entered a guilty plea, thus subsection (4) is the only applicable part of § 99-15-26.

¶24. McGrew asserts that, "[S]ubsection (4) can be given its full effect without doing any harm to subsection (1)." We agree.

¶25. Justice mandates that crimes against the person (*See* Miss. Code Ann. §§ 97-3-1 *et seq.* (Rev. 1994 & Supp. 1998), and §§ 97-5-1 *et seq.* (Rev. 1994 & Supp. 1998)), be eligible for expungement when an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case. Judge Vlahos agreed during the hearing that, " . . . it appears that there might be an injustice here."

¶26. This Court can see little difference between a crime against property and a crime against a person where, as here, an arrest has been made, the arrested has been formally charged via indictment, but the indictments have been dismissed with prejudice. Whether the offense is against person or property, there has been no adjudication of guilt via a guilty plea or trial by jury. Rather, the charges have been dismissed, and a subsequent prosecution for those offenses barred.

¶27. Most applications such as those required for employment, enlistment in the armed services, consumer loans, etc., require the applicant, under the pain and penalty of perjury, to state whether or not he has ever been arrested or convicted of a crime. Prohibiting expungement would serve as a tremendous obstacle to those who were arrested, but whose case was dismissed or the charges dropped or there was no disposition of such case. Although such a person was deemed innocent in a court of law, without the opportunity for expungement, he or she would always be guilty in the all important court of public opinion.

## CONCLUSION

¶28. Therefore, this Court holds that the circuit court may consider expungement in such situations. Subsection (4) of § 99-15-26 gives circuit and county court judges the discretion to expunge the record of "any person" whose case was dismissed or the charges were dropped or there was no disposition of such case. As a result, the Circuit Court's order is reversed and this case is remanded in order for the court below to reconsider McGrew's motion for expungement consistent with the holding in this opinion.

¶29. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND WALLER, JJ., CONCUR.**