MYERS, J.,
for the Court.
¶ 1. Johnny Turner pled guilty in the Circuit Court of Pike County to two counts of burglary in 1984. He received a four year suspended sentence and was placed on probation for five years. In 2003, Turner filed a petition for expungement which was denied by the sentencing court. Turner, pro se, appeals the lower court’s decision and requests our review of the following issue:
I. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S PETITION FOR EXPUNGEMENT OF HIS CRIMINAL RECORD?
STATEMENT OF FACTS
¶ 2. On March 21, 1984, Turner was indicted by a Pike County Grand Jury on two counts of burglary pursuant to Section *1057 97-17-33 of the Mississippi Code Annotated (Rev.2000). On October 12, 1984, Turner was arraigned and pled not guilty. Five days later, however, Turner changed his plea to guilty. The Circuit Court of Pike County accepted Turner’s plea and sentenced him to four years in the custody of the Mississippi Department of Corrections which the court suspended. Turner was also placed on probation for five years.
¶ 3. On February 13, 1990, a petition for termination of probation was filed with the Circuit Court of Pike County. An order terminating Turner’s probation was entered that same day.
If 4. On February 4, 2003, Turner filed a petition for expungement of his criminal record in the Circuit Court of Pike County. The petition .requested the court to enter an order requiring all official records and recordations relating to his arrest, indictment, and plea of guilty to be expunged.
¶ 5. On April 11, 2003, the Circuit Court of Pike County entered its order denying the petition. Ten days later, Turner filed a notice of appeal with the supreme court which then transferred the case to this Court. Finding no error, we affirm.
LEGAL ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S PETITION FOR EXPUNGEMENT OF HIS CRIMINAL RECORD?
¶ 6. Mississippi Code Annotated Section 99-15-26 (Supp.2003), provides:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. In all misdemeanor criminal cases, other than crimes against the person, the justice or municipal court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for release in accordance with this section. A person shall not be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41-29-139(a)(1), Mississippi Code of 1972, except for a charge under said provision when the controlled substance involved is one (1) ounce or less of marihuana; (b) with an offense pertaining to the possession of one (1) kilogram or more of marihuana as provided in Section 41-29-139(c)(2)(D), Mississippi Code of 1972; or (c) with an offense under the Mississippi Implied Consent Law.
(2) Conditions which the circuit, county, justice or municipal court may impose under subsection (1) of this section shall consist of:
(a) Reasonable restitution to the victim of the crime.
(b) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
(c) Payment of a fine not to exceed the statutory limit.
*1058 (d) Successful completion of drug, alcohol, psychological or psychiatric treatment or any combination thereof if the court deems such treatment necessary.
(e) The circuit or county court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed five (5) years. The justice or municipal court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed two (2) years.
(3) When the court has imposed upon the defendant the conditions set out in this section, the court shall release the bail bond, if any.
(4) Upon successful completion of the court-imposed conditions permitted by subsection (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
(5) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
(6) This section shall take effect and be in force from and after March 31, 1983.
 ¶ 7. Under this section, a circuit or county court has the power to expunge a felony conviction pursuant to a guilty plea under certain conditions. Caldwell v. State, 564 So.2d 1371, 1373 (Miss.1990). Section 99-15-26 is an “extraordinary provision” that allows circuit or county court judges in limited circumstances to receive a criminal defendant’s guilty plea, but withhold acceptance of the plea, and defer sentencing. Brown v. State, 533 So.2d 1118, 1123 (Miss.1988). If the defendant successfully completes certain court-imposed conditions, the cause against him is dismissed and the case closed. Id. As a result, a conditional dismissal pursuant to § 99-15-26 is different than a suspended sentence pursuant to Mississippi Code Section 47-7-33 (Rev.2000). Id.
¶ 8. In conjunction with the preceding statute, Mississippi Code Annotated Section 99-15-57 (Supp.2003), provides:
(1) Any person who pled guilty within six (6) months prior to the effective date of Section 99-15-26, Mississippi Code of 1972, and who would have otherwise been eligible for the relief allowed in such section, may apply to the court in which such person was sentenced for an order to expunge from all official public records all recordation relating to his arrest, indictment, trial, finding of guilty and sentence. If the court determines, after hearing, that such person has satisfactorily served his sentence or period of probation and parole, pled guilty within six (6) months prior to the effective date of Section 99-15-26 and would have otherwise been eligible for the relief allowed in such section, it may enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied before such arrest or indictment. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest, or indictment or trial in response to any inquiry made of him for any purpose.
(2) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
¶ 9. This section allows a circuit or county judge, in his or her discretion, to expunge the criminal records of criminal de *1059 fendants who pled guilty six months prior to the effective date of § 99-15-26 and who would have otherwise been eligible for relief under § 99-15-26. Smith v. State, 869 So.2d 425, 428(¶ 8) (Miss.Ct.App.2004).
¶ 10. Turner admits that he does not qualify for expungement under the applicable statutes. However, Turner asks this Court to create a judicial power of ex-pungement because he was unaware of the fact that he was eligible for non-adjudication pursuant to § 99-15-26 at the time he pled guilty. In addition, Turner wants his criminal record expunged because he wants to run for the office of county supervisor.
¶ 11. Our supreme court has previously held that a circuit court lacks the inherent power to order the expungement of a criminal record. See Caldwell, 564 So.2d at 1373. Turner requests that we review Caldwell because “some have been allowed to have a status of non-adjudication since 1983 and others have not.” We agree with Turner’s claim, but we find the decision in Caldwell to be a correct interpretation of §§ 99-15-26 and 99-15-57. As noted above, “[s]ection 99-15-26 is an extraordinary provision which allows certain misdemeanor and first-time felony offenders to be sanctioned for their offenses by means other than incarceration.” Brown, 533 So.2d at 1123. A conditional dismissal under this statute is a matter of legislative grace, and it is granted in the first instance at the discretion of the court. Wallace v. State, 607 So.2d 1184, 1189 (Miss.1992). In other words, a request to be sentenced pursuant to § 99-15-26 can be offered during plea negotiations, but it is within the circuit or county judge’s discretion to accept such a request.
¶ 12. In the instant case, the Circuit Court of Pike County did not withhold acceptance of Turner’s guilty plea. Instead, it accepted Turner’s guilty plea and adjudicated him accordingly. Turner received a four year suspended sentence and five years of probation pursuant to Mississippi Code Annotated Section 47-7-33. In addition, a person convicted of burglary cannot hold any office until he is pardoned for that crime. Miss.Code Ann. 99-19-35 (Rev.2000).
¶ 13. After a careful review of the facts presented along with the provisions of §§ 99-15-26 and 99-15-57, we find that the Circuit Court of Pike County did not err in denying Turner’s petition for ex-pungement. As a result, the decision is affirmed.
¶ 14. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT DENYING EXPUNGEMENT IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, CHANDLER AND GRIFFIS, JJ, CONCUR. THOMAS, J., NOT PARTICIPATING.