LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On February 1, 2001, in the Lauder-dale County Circuit Court, Ramonz Payne pleaded guilty to the sale of cocaine. Payne was sentenced to thirty years, with twenty-eight years suspended upon the completion of five years’ supervised probation. On August 23, 2004, Payne entered into an agreed order of revocation for violating the terms of his suspended sentence by possessing cocaine on October 3, 2003. Payne was sentenced to twenty-five years, with one year to serve in the custody of the Mississippi Department of Corrections,
 
 *368
 
 twenty-four years suspended, and five years’ post-release supervision.
 

 ¶ 2. On November 7, 2006, Payne was indicted for the offense of sale of cocaine within 1,500 feet of a church, which occurred on August 15, 2006. On June 7, 2007, the trial court entered an order of revocation finding that Payne had violated the conditions of his post-release supervision. Payne was ordered to serve the remaining term of his twenty-four-year sentence, with credit for time served.
 

 ¶ 3. On February 19, 2008, the trial court entered an order of nolle prosequi, dismissing the charge of sale of cocaine within 1,500 feet of a church. On May 2, 2008, Payne filed a motion for post-conviction relief. The trial court denied Payne’s motion for relief. Payne now appeals, asserting the following: (1) the standard of review is de novo; (2) the agreed revocation order was a contract with the State; (3) he was entitled to all statutory and constitutional rights afforded to one accused of a crime; (4) he is entitled to the protections under the agreed revocation order; (5) Mississippi judicial precedent regarding revocation procedures denies the application of constitutional protections; (6) newly discovered evidence would have resulted in a different outcome; (7) the trial court erred in allowing a lab report into evidence without the testimony of a lab technician; and (8) his probation should be reinstated. However, as Payne’s issues one and six are related and issues two, three, four, five, and eight are related, we will address his issues as follows: (1) the trial court did not properly review the evidence; (2) he was denied the protections afforded by the order of revocation; and (3) the trial court erred in allowing a lab report to be introduced without the testimony of a lab technician.
 

 STANDARD OF REVIEW
 

 ¶ 4. A trial court’s denial of post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, where questions of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. REVIEW BY THE TRIAL COURT
 

 ¶ 5. Payne initially argues that he is entitled to de novo review of the judgment because the court failed to fully review the grounds for relief. We note that Payne fails to point to any specific question of law requiring de novo review. However, Payne's actual contention is that the trial court failed to consider the affidavits purporting to show newly discovered evidence. The trial court, citing Mississippi Code Annotated section 99-39-11 (Rev.2007), stated in its decision that it “made a full examination of the [pjetition, together with all the files, records, transcripts and correspondence .... ” We find no merit to this issue.
 

 II. REVOCATION ORDER
 

 ¶ 6. Payne contends that he was denied the protections afforded him by the revocation order. Payne argues that a charge which does not result in a conviction cannot be used to support revocation. However, “our supreme court has stated that a conviction is not necessary to revoke probation. Probation may be revoked upon a showing that the defendant ‘more likely than not’ violated the terms of probation.”
 
 Younger v. State,
 
 749 So.2d 219, 222(¶ 12) (Miss.Ct.App.1999) (internal citation omitted). We note that the trial court dismissed the sale of cocaine charge “to best serve justice and judicial economy.”
 
 *369
 
 However, there were sufficient facts and circumstances produced at the hearing for the trial court to determine that Payne more likely than not committed the offense of sale of cocaine within 1,500 feet of a church. Therefore, we find no merit to this argument.
 

 III. TESTIMONY OF LAB TECHNICIAN
 

 ¶ 7. Payne argues that the trial court erred in allowing the State to introduce the lab report without the testimony of the lab technician. This issue was not raised before the trial court in Payne’s motion for post-conviction relief; thus, it is waived for purposes of our appellate review.
 
 Long v. State,
 
 982 So.2d 1042, 1045(¶ 13) (Miss.Ct.App.2008). This issue is procedurally barred.
 

 ¶ 8. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J„ NOT PARTICIPATING.