CARLTON, J.,
for the Court:
¶ 1. Harold Eubanks pled guilty in the Circuit Court of Pearl River County to one count of felony Driving Under the Influence (DUI) in 1993. Eubanks received a ten-year suspended sentence and was placed on probation for five years. In May 1999, Eubanks filed a petition for expungement, which was granted on June 5, 2009. The order of expungement was later vacated by the circuit court on June 30, 2009. Aggrieved, Eubanks now appeals. Finding no error, we affirm the circuit court’s denial of Eubanks’s motion to expunge.
FACTS
¶2. On September 11, 1992, Eubanks was indicted in Pearl River County on two counts of Felony DUI, one count resulting in the death of Shirley Jo Burge, and the other count involving injuries to C.J. Sanders. On June 21, 1993, Eubanks pled guilty to one count of Felony DUI, and was sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC). The circuit court suspended Eubanks’s jail sentence and placed him on supervised probation for a period of five years. In addition, Eubanks was ordered to pay approximately $14,000 in total restitution and court costs. In 1998, Eubanks successfully completed his sentence and received a discharge order from the circuit court.
¶ 3. On May 18, 2009, Eubanks filed a motion to expunge his criminal conviction, which the circuit court granted on June 5, 2009. On June 17, 2009, the Mississippi Department of Public Safety filed a motion to vacate Eubanks’s order of expungement, claiming that Eubanks is ineligible for relief under Mississippi Code Annotated section 99-15-26 (Supp.2010), since he was convicted of a DUI pursuant to the Mississippi Implied Consent Law. On June 30, 2009, the circuit court vacated the order of expungement.
*847 ¶ 4. On September 10, 2009, Eubanks filed a renewed motion to expunge, which was subsequently denied on September 25, 2009, and the circuit court issued an order on the matter on November 19, 2009. Eu-banks now appeals to this Court, urging the Court to adopt “equitable expungement.”
STANDARD OF REVIEW
¶ 5. On appeal, this Court applies a de novo standard of review when deciding questions of law. Payne v. State, 22 So.3d 367, 368 (¶ 4) (Miss.Ct.App.2009).
DISCUSSION
¶ 6. Eubanks argues that the circuit court erred in failing to utilize its “inherent equitable powers” and adopt “equitable expungement,” which he claims would allow the circuit court to expunge all public records relating to his DUI conviction. Eubanks acknowledges that no statutory basis exists for his requested relief; instead, he employs a policy argument in his brief, urging this Court to reexamine the issue of equitable expungement. Eubanks submits that adoption of the balancing of the equities test, utilized by a majority of federal courts as well as numerous state courts, in granting expungements, would clearly favor him. He asks this Court to create a judicial power of expungement in order to expunge his criminal record, submitting that the public record of his conviction restricts him from sitting for the Alabama Professional Engineers Exam, which consequently prevents him from obtaining full employment as a professional engineer.
117. Despite Eubanks’s plea for this Court to adopt a balancing test or create a judicial power of expungement, we must follow the applicable statutes and precedent in the case before us; thus, we turn to an application of this law to these facts. Mississippi Code Annotated section 99-15-26 (Supp.2010) provides:
(1) In all criminal cases, felony and misdemeanor, other than crimes against the person or a violation of Section 97-11-31, the circuit or county court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. In all misdemeanor criminal cases, other than crimes against the person, the justice or municipal court shall be empowered, upon the entry of a plea of guilty by a criminal defendant, to withhold acceptance of the plea and sentence thereon pending successful completion of such conditions as may be imposed by the court pursuant to subsection (2) of this section. No person having previously qualified under the provisions of this section or having ever been convicted of a felony shall be eligible to qualify for release in accordance with this section. A person shall not be eligible to qualify for release in accordance with this section if such person has been charged (a) with an offense pertaining to the sale, barter, transfer, manufacture, distribution or dispensing of a controlled substance, or the possession with intent to sell, barter, transfer, manufacture, distribute or dispense a controlled substance, as provided in Section 41 — 29—139(a)(1), except for a charge under said provision when the controlled substance involved is one (1) ounce or less of marijuana; (b) with an offense pertaining to the possession of one (1) kilogram or more of marijuana as provided in Section 41 — 29—139(c)(2)(F) and (G); or (c) with an offense under the *848 Mississippi Implied Consent Law.[1]
(2)(a) Conditions which the circuit, county, justice or municipal court may impose under subsection (1) of this section shall consist of:
(i) Reasonable restitution to the victim of the crime.
(ii) Performance of not more than nine hundred sixty (960) hours of public service work approved by the court.
(iii) Payment of a fine not to exceed the statutory limit.
(iv) Successful completion of drug, alcohol, psychological or psychiatric treatment or any combination thereof if the court deems such treatment necessary.
(v) The circuit or county court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed five (5) years. The justice or municipal court, in its discretion, may require the defendant to remain in the program subject to good behavior for a period of time not to exceed two (2) years.
(b) Conditions which the circuit or county court may impose under subsection (1) of this section also include successful completion of a regimented inmate discipline program.
(3) When the court has imposed upon the defendant the conditions set out in this section, the court shall release the bail bond, if any.
(4) Upon successful completion of the court-imposed conditions permitted by subsection (2) of this section, the court shall direct that the cause be dismissed and the case be closed.
(5) Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.
(Emphasis added). The Mississippi Supreme Court has held that a circuit coui't lacks the inherent power to order the ex-pungement of criminal records. Caldwell v. State, 564 So.2d 1371, 1373 (Miss.1990); Turner v. State, 876 So.2d 1056, 1059 (¶ 11) (Miss.Ct.App.2004). However, section 99-15-26 grants a circuit or county court the power to expunge a felony conviction pursuant to a guilty plea under certain conditions. Turner, 876 So.2d at 1058 (¶ 7); Caldwell, 564 So.2d at 1373.
¶ 8. The record reflects that Eubanks pled guilty to one count of felony DUI, a conviction which falls within the purview of the Mississippi Implied Consent Law. As previously stated, section 99-15-26 expressly prohibits a person charged with an offense under the Mississippi Implied Consent Law to be eligible for expungement. Therefore, after a careful review of the facts presented along with the provisions of section 99-15-26, we find that the circuit court did not err in denying Eubanks’s petition for expungement. As a result, the circuit court judgment is affirmed.
*849 ¶ 9. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.

. Mississippi's Implied Consent law is codified at Mississippi Code Annotated section 63-11-5 (Rev.2004), and states, in pertinent part, that:
(1) Any person who operates a motor vehicle upon the public highways, public roads and streets of this state shall be deemed to have given his consent, subject to the provisions of this chapter, to a chemical test or tests of his breath for the purpose of determining alcohol concentration. A person shall give his consent to a chemical test or tests of his breath, blood or urine for the puipose of determining the presence in his body of any other substance which would impair a person’s ability to operate a motor vehicle.