# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00740-COA

KONINEDOU F. WALKER A/K/A KONINEDOU FONTA WALKER A/K/A KONINEDOU WALKER A/K/A FONTA WALKER                                                            APPELLANT

v.

STATE OF MISSISSIPPI                                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/10/2017 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | KONINEDOU F. WALKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 08/07/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this appeal, we must determine whether the trial court erred in denying Koninedou

Walker's motion to expunge his record.  Finding no error, we affirm.

## PROCEDURAL HISTORY

¶2.     In 2006, Walker was indicted on two counts of possession of a controlled substance

with intent to distribute.[1]  At the time, Walker was on parole for two 2002 convictions—

---

[1] One count was possession of more than thirty grams but less than one kilogram of marijuana with the intent to distribute.  The other count was possession of cocaine with intent to distribute.

robbery and burglary. Due to his arrest and indictment on the possession-with-intent-to-distribute charges, Walker's parole for the 2002 convictions was revoked, and he was ordered to serve ten years in the custody of the Mississippi Department of Corrections (MDOC). As a result, the 2006 possession-with-intent-to-distribute charges were passed to the file by order dated October 16, 2007, and signed by the Harrison County Circuit Court trial judge. The document was titled "Announcement Passing to the Inactive Files," and the reason marked was "Defendant revoked . . . and sentenced to 10 years MDOC."

¶3. On September 27, 2016, Walker filed a motion for expungement regarding the two possession-with-intent-to-distribute charges. The trial judge denied Walker's motion, finding that he failed to establish that any of the statutory conditions regarding expungement applied to his situation. Walker now appeals, asserting the trial court erred in denying his motion.

## STANDARD OF REVIEW

¶4. Expungement is statutory in nature; thus we employ a de novo standard of review. *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015).

## DISCUSSION

¶5. Walker contends that several statutes are applicable to his situation, namely Mississippi Code Annotated section 41-29-150 (Rev. 2013), Mississippi Code Annotated section 99-15-26 (Rev. 2015), and Mississippi Code Annotated section 99-19-71 (Rev. 2015).

¶6. Section 41-29-150 applies to felony-drug convictions. Section 41-29-150(d)(1) states that

> [i]f any person who has not previously been convicted of violating Section 41-29-139, or the laws of the United States or of another state relating to . . . controlled substances or marihuana is found to be guilty of a violation of subsection (c) or (d) of Section 41-29-139, after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place him on probation upon such reasonable conditions as it may require . . . .

Then "[u]pon the dismissal of a person and discharge of proceedings against him under paragraph (1) of this subsection, the person may apply to the court for an order to expunge from all official records . . . ." Miss. Code Ann. § 41-29-150(d)(2). This section does not apply to Walker since he was not convicted of the possession-with-intent charges either by jury or guilty plea and the trial court never deferred further proceedings and placed him on probation.

¶7. Section 99-15-26 allows a trial court to expunge a felony conviction after a guilty plea under certain conditions. "Section 99-15-26 is an 'extraordinary provision' that allows circuit or county court judges in limited circumstances to receive a criminal defendant's guilty plea, but withhold acceptance of the plea, and defer sentencing." *Turner v. State*, 876 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004). "If the defendant successfully completes certain court-imposed conditions, the cause against him is dismissed and the case closed." *Id.* Here, Walker's charges were not conditionally dismissed as contemplated by the statute; thus, we find this statute is not applicable to Walker.

¶8. Section 99-15-26(5) does provide that "[u]pon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such

3

case." However, this subsection is not applicable since Walker was never released after his arrest, and his case was not dismissed, dropped, or reached a final disposition.

¶9.     Section 99-19-71 allows a trial court to expunge certain misdemeanor and felony convictions.    Here, the statute is inapplicable since Walker was not convicted of a misdemeanor or felony and his felony charges do not meet the criteria for expungement. *See* § 99-19-71(1) & (2)(a).  Like section 99-15-26(5), section 99-19-71(4) provides that "[u]pon petition therefor, a justice, county, circuit or municipal court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case."  For the same reasons, we find this subsection does not apply to Walker.

¶10.    Walker also cites Mississippi Code Annotated section 21-23-7 (Supp. 2017) in his reply brief, but that statute discusses the operation of municipal courts. Municipal judges can expunge records in certain situations pursuant to section 21-23-7(13); however, Walker did not file his motion in a municipal court.

¶11.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.    TINDELL, J., NOT PARTICIPATING.**

4