# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CA-01050-COA

**FREDRICKUS DASHUN WATSON A/K/A**        **APPELLANT**
**FREDRICKUS WATSON A/K/A FREDRICKUS**
**D. WATSON**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/24/2020 |
| TRIAL JUDGE: | HON. CHARLES W. WRIGHT, JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEPHEN PAUL WILSON |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND McDONALD, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1. Fredrickus Dashun Watson appeals from the Lauderdale County Circuit Court's denial of his petition for expungement. After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. Watson was indicted in August 2011 by a Lauderdale County grand jury and charged with burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Supp. 2008). He pled guilty as charged and was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), with six months to serve, four and one half years suspended, and three years of supervised probation. Watson was eighteen years

old when he entered his plea and received his sentence. At the time of his sentencing, burglary of a dwelling was not statutorily deemed to be a crime of violence, nor was Watson eligible for an expungement upon completion of his sentence.

¶3. After Watson was sentenced, the Legislature enacted Mississippi Code Annotated section 97-3-2(1)(o) (Rev. 2014), which provides that "[b]urglary of a dwelling as provided in Sections 97-17-23 and 97-17-37," are considered crimes of violence. On July 1, 2015, Mississippi Code Annotated section 99-19-71(2)(b) (Rev. 2015) was amended to allow a person under twenty-one years of age at the time of the commission of a felony to request expungement for one crime as long as it was not a crime of violence as set out in section 97-3-2. The age restriction was removed from section 99-19-71 on July 1, 2019, but the prohibition against expungement of violent crimes under section 97-3-2 remained. Miss. Code Ann. § 99-19-71(2)(a)(i) (Rev. 2019). On May 27, 2020, Watson filed a petition for an expungement in the Lauderdale County Circuit Court. After a hearing, the circuit court denied Watson's petition. The circuit court held that Watson was not eligible for an expungement because section 99-19-71(2)(a)(i) specifically prohibits the expungement of crimes of violence as set forth under section 97-3-2, and burglary of a dwelling is a crime of violence under section 97-3-2(1)(o). Watson now appeals.

## STANDARD OF REVIEW

¶4. Expungement is statutory in nature; thus we employ a de novo standard of review. *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015).

## DISCUSSION

2

¶5. The Mississippi Supreme Court has held that "expungement of [criminal] records is an act of legislative grace." *Polk v. State*, 150 So. 3d 967, 968 (¶6) (Miss. 2014) (citing *Caldwell v. State*, 564 So. 2d 1371, 1372-73 (Miss. 1990)). Circuit courts do not have the inherent power to expunge criminal records, but they can do so if statutorily authorized. *Caldwell*, 564 So. 2d at 1373. As stated in *Polk*, 150 So. 3d at 968 (¶6), "[n]o common law right to the expungement of criminal records exists." But, the Legislature has given us guidance on this issue. Section 99-19-71(2)(a)(i) sets forth instances in which courts may expunge felony criminal records, providing that:

> a person who has been convicted of a felony and who has paid all criminal fines and costs of court imposed in the sentence of conviction may petition the court in which the conviction was had for an order to expunge one (1) conviction from all public records five (5) years after the successful completion of all terms and conditions of the sentence for the conviction upon a hearing as determined in the discretion of the court; however, a person is not eligible to expunge a felony classified as: (i) [a] crime of violence as provided in Section 97-3-2 . . . .

¶6. Watson pled guilty to burglary of a dwelling in violation of section 97-17-23. At the time of Watson's plea and sentencing, this statute read as follows:

> [e]very person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weapon or not, and whether there shall be at the time some human being in such dwelling house or not, with intent to commit some crime therein, shall be punished by commitment to the custody of the Department of Corrections for not less than three (3) years nor more than twenty-five (25) years.

Miss. Code Ann. § 97-17-23(1) (Supp. 2008). "Burglary of a dwelling as provided in Section[] 97-17-23" is clearly enumerated as a crime of violence in section 97-3-2(1)(o).

¶7. Watson argues that the circuit court's denial of his petition for expungement was

3

improperly based on the premise that burglary of a dwelling was a crime of violence as specified in section 97-3-2. Specifically, Watson argues that because section 97-3-2 had yet to be enacted at the time of his sentencing, the circuit court's reliance on it was improper due to (1) the Ex Post Facto Clauses of the United States Constitution and the Mississippi Constitution; and (2) his Sixth Amendment rights.

###    A.    Ex Post Facto Clauses

¶8.    Watson argues that because burglary of a dwelling was not per se a crime of violence on the day he pled guilty, application of section 97-3-2 violates the Ex Post Facto Clauses of the United States Constitution and the Mississippi Constitution. "An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime." *Cozart v. State*, 226 So. 3d 574, 578 (¶14) (Miss. 2017) (quoting *Knowles v. State*, 708 So. 2d 549, 552 (¶6) (Miss. 1998)). This Court has recognized that it is a fundamental right "not to be subject[ed] to ex post facto laws." *Salter v. State*, 184 So. 3d 944, 950 (¶22) (Miss. Ct. App. 2015)).

¶9.    Changes in procedural rules after a party is sentenced for a crime are not ex post facto laws. *Williams v. State*, 161 So. 3d 1124, 1126-27 (¶¶9-14) (Miss. Ct. App. 2015). The Mississippi Supreme Court has unequivocally stated that "[s]ection 97-3-2 is not a substantive criminal statute." *Bowman v. State*, 283 So. 3d 154, 168 (¶55) (Miss. 2019) (citing *Fogleman v. State*, 283 So. 3d 685, 691-92 (¶¶17-20) (Miss. 2019)). In this instance, Watson's argument does not touch on conviction or sentencing because no successful argument can be made. Watson has served his time and is not subject to being resentenced

4

even though his crime is now deemed to be one of violence. As stated by Watson in his petition for expungement, he had completed all terms and conditions imposed at his sentencing.

¶10. Watson argues against the application of section 97-3-2 for purposes of expungement only, to which he is not constitutionally entitled. Just as the Mississippi Supreme Court in *Bowman,* 283 So. 3d at 168 (¶55), stated that there is "no recognized constitutional right to parole[,]" our Supreme Court has also held that "there is no constitutional right [to expungement] in either our state constitution or our federal constitution." *Polk*, 150 So. 3d at 968 (¶6). The denial of Watson's petition for expungement based on section 97-3-2 is not a new penalty for earlier crime, nor does it change his punishment in any way. Accordingly, the application of section 97-3-2 in this situation does not constitute an ex post facto law.

**B.      Sixth Amendment Rights**

¶11. Watson maintains that his "Sixth Amendment rights were violated because the judge made the factual finding that the offense constituted a 'crime of violence' rather than the jury making a finding of guilt beyond a reasonable doubt." Watson accurately states that the record does not indicate that he "used physical force, or made a credible attempt or threat of physical force against another person as part of the criminal act" to which he pled guilty as would constitute a crime of violence under section 97-3-2(2). But, Watson was determined to have committed a violent crime based on the legislative pronouncement in section 97-3-2(1)(o), which affirmatively states that "[b]urglary of a dwelling as provided in Section[] 97-17-23" is a crime of violence. In *Bowman*, the Supreme Court addressed the implications

5

of section 97-3-2(1)(o), holding that "burglary is an enumerated crime of violence and the crime-of-violence designation applies *automatically*, without any input or findings by the trial court." *Bowman*, 283 So. 3d at 168 (¶55). Thus, it was not necessary for the circuit court to determine whether Watson's crime was one of violence as indicated in section 97-3-2(2), because the circuit court was bound to apply section 97-3-2(1)(o).

¶12. Further, as stated above, "[s]ection 97-3-2 is not a substantive criminal statute." *Bowman*, 283 So. 3d at 168 (¶55) (citing *Fogleman*, 283 So. 3d at 691-92 (¶¶17-20)). Because of the non-substantive nature of the statute, there is no impact on a criminal defendant's potential sentence, so there is no requirement that a jury determine guilt as mandated by *Alleyne v. United States*, 570 U.S. 99, 103 (2013). *Alleyne* was discussed at length in *Fogleman*. Although *Fogleman* centers on a crime of violence as determined under section 97-3-2(2) (which gives a judge the discretion to categorize a crime not listed in section 97-3-2(1) as a crime of violence if warranted by the facts), it is still instructive. *Fogleman*, 283 at 690-91 (¶¶16-20). Jeremy Shane Fogelman disputed the trial court's ruling that section 97-3-2(2) caused his crime to be defined as one of violence, therefore preventing him from being eligible for parole. *Id.* at 688 (¶8). The Mississippi Supreme Court held that where the amount of jail time is effected (e.g. the possibility of parole) but the overall sentence is not increased, there is no right to a jury hearing on the issue. *Id.* at 690-91 (¶¶17-20). Neither Watson's actual time to serve nor his minimum sentence were subject to enhancement by the application of section 97-3-2(1)(o) in May 2020 when he filed his petition for expungement. In this instance, section 97-3-2(1)(o) had no impact on Watson's

sentence, because he had already completed all terms and conditions imposed at his sentencing and had been released from MDOC custody. Watson's rights were not violated because the designation of his crime as one of violence was not determined by a jury. The circuit court applied section 97-3-2(1)(o) as it was required to by law.

¶13. Based on the foregoing, we affirm the ruling of the circuit court which properly denied Watson's petition for expungement.

¶14. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**