[Crim. No. 431. Second Appellate District.—December 7, 1915.]

## In the Matter of the Petition for Disbarment of E. J. EMMONS.

PROCEEDING TO DISBAR ATTORNEY—CONVICTION OF FELONY—PARDON.— In a proceeding to disbar an attorney upon the sole ground of his previous conviction of a felony, an objection that the conviction was subsequently annulled and set aside by a pardon issued by the governor of the state for the offense set forth in the judgment of conviction should be sustained.

ID.—PARDON—EFFECT OF—GROUNDS FOR DISBARMENT.—A pardon releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense; but this is subject to the limitation that an attorney may be disbarred for acts of a felonious nature, where a pardon has followed the conviction of a crime, since evidence of the criminal acts may constitute proof of the charge that the respondent is unfit to be an attorney at law. This is so for the reason that the pardon does not restore his good moral character.

APPLICATION for disbarment of an attorney filed in the Supreme Court and transferred to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

James F. Farraher, and Barclay McCowan, *Amici Curiae*, for Petitioners.

W. H. Anderson, Loeb, Walker & Loeb, Anderson & Anderson, Rowen Irwin, E. G. Kuster, J. R. Dorsey, and H. E. Johnstone, for Respondent.

CONREY, P. J.—At all times mentioned in the record of this proceeding respondent was, and he now is, an attorney at law admitted to practice in the courts of California. On the sixth day of August, 1915, a petition for his disbarment was filed in the supreme court by a bar association of Kern County, and the matter was thereafter transferred to this court. The petition is based upon a judgment of conviction whereby the respondent was convicted of a felony for asking and receiving a bribe, and a duly certified copy of the judgment of conviction is attached to the petition and is a part thereof. That judgment was rendered on October 31, 1905, and on the twelfth day of March, 1908, was affirmed by the district court of appeal for the third district. The sentence was for five years' imprisonment, the *remittitur* was filed on May 18, 1908, and the term of actual imprisonment began a few days later.

The petition for disbarment is based solely on the judgment of conviction. Apart from that judgment no charge is made that the respondent has committed any act involving moral turpitude, dishonesty, or corruption, or any other act which would be a cause of disbarment. (Code Civ. Proc., sec. 287.) Separate and direct charges would require separate and direct proof, and would open the case to examination by means of other evidence which might be produced by those prosecuting the charge, or by the respondent. Even if (which we do not decide) the judgment of conviction would be receivable as evidence upon such separate charges, it would not be the sole and conclusive evidence provided in a proceeding based solely upon a judgment of conviction of a felony. (Code Civ. Proc., sec. 287, subd. 1.)

The petitioners having relied upon such judgment of conviction as the sole foundation for this proceeding, that judgment is conclusive against the respondent if it is admissible in evidence. If it is not admissible, the case against respondent must fall, because no other evidence can be received in this proceeding.

The respondent has filed herein certain objections which are in the nature both of a demurrer and an answer. We shall not find it necessary to discuss the demurrer. The answer sets forth that the conviction shown by the certified copy of the record of conviction annexed to the petition herein has been annulled and set aside in this, that on the twenty-ninth day of June, 1910, respondent received from the governor of California a pardon for the offense set forth in the judgment of conviction. The respondent submitted to the court with his answer a copy, duly certified by the Secretary of State, of the above-mentioned pardon. This document sets forth by way of recital the fact that the defendant had been released upon parole, and since such release had "proven himself to be an industrious, sober, and upright man"; and that the state board of prison directors by resolution recommended to the Governor of the state that he do extend executive clemency to the defendant. Thereupon the document concludes that the Governor does by virtue of the authority vested in him by law, "hereby pardon the said E. J. Emmons and order that he be restored to citizenship."

It has been held that a pardon "releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." (*Ex parte Garland*, 4 Wall. 333, [18 L. Ed. 366].) This is nevertheless subject to the limitation that an attorney may be disbarred for acts of a felonious nature where a pardon has followed the conviction of a crime, since evidence of the criminal acts may constitute proof of the charge that the respondent is unfit to be an attorney at law. This is so for the reason that the pardon does not restore his good moral character. (Thornton on Attorneys, sec. 863.) Among the cases to which we are referred is that of *People* v. *George*, 186 Ill. 122, [57 N. E. 804], which counsel (*amici curiae*) assure us is "practically on all-fours with the case at bar." From that decision we learn that Mr. George was disbarred, not only upon proof of charges showing that he had been con-

victed of a felony and thereafter pardoned, but also because after the pardon he had committed other acts of a criminal nature convincing the court that, notwithstanding the pardon, the accused did not possess a good moral character, and that he was not a proper person to retain his license to practice law. The question as to whether or not a record of conviction could be made the sole basis of such a charge and accepted as constituting the sole and conclusive ground for disbarment after the pardon had been granted, did not arise in that case. If that question had been presented, the decision very probably might have been in favor of the respondent. This is indicated by the fact that the court quoted with approval the decision of the supreme court of Maine in *Sanborn (Penobscot Bar)* v. *Kimball,* 64 Me. 146. There the charge was that the respondent was found guilty of dishonesty and bad faith toward clients in several instances, and there was a separate specification that the respondent "does not possess a good moral character," in that at a certain term of court he was convicted of the crime of forgery. As to this particular specification the respondent proved that he had received a pardon for the offense of which he had been convicted. The crime for which he was convicted and sentenced was the forgery of a deposition and caption thereto annexed. Relying upon *Ex parte Garland,* 4 Wall. 333, [18 L. Ed. 366], the court held that the effect of the pardon was not only to release the respondent from punishment, "but also to blot out the guilt thus incurred, so that in the eye of the law he is as innocent of that offense as if he had never committed it." But it was pointed out that the respondent, in his capacity as attorney, had done more than commit the forgery of which he was convicted, in that afterward he had offered the forged document as evidence in court. "The executive pardon affords the respondent no protection from the consequences which the law attaches to this offense. Pardon for one crime does not release a party from the penalties and disabilities consequent upon the commission of another. A pardon for forgery does not prevent a party from suffering the consequences attached to a conviction for adultery or larceny, nor blot out the guilt inseparable from such crimes and give their perpetrator a new character for chastity and honesty. The indictment upon which the respondent was convicted contains no count for a violation of his official oath or for a fraud upon the court.

The respondent's pardon for forgery can no more obliterate the stain of guilt for those offenses than the judgment in that case would be a bar to an indictment for their commission." It seems clear that if, as in the case at bar, the Kimball case had been one where it was sought to disbar the respondent solely upon the ground that he had been convicted of a felony, the subsequent pardon would have been recognized as a sufficient defense.

In *Scott* v. *State,* 6 Tex. Civ. App. 343, [25 S. W. 337], it was sought to obtain a judgment of disbarment founded upon article 226, Revised Statutes of Texas, reading thus: "No person convicted of a felony shall receive license as an attorney at law; or if licensed, any court of record in which such person may practice shall, on proof of a conviction of any felony, supersede his license and strike his name from the roll of attorneys." The plaintiff in error had been convicted of a felony but immediately thereafter pardoned by the Governor, several years before this proceeding was instituted against him. The court said: "We are of opinion that after he received an unconditional pardon the record of the felony conviction could no longer be used as a basis for the proceeding provided for in article 226. This record, when offered in evidence, was met with an unconditional pardon, and could not, therefore, properly be said to afford 'proof of a conviction of any felony.' Having been thus canceled, all its force as a felony conviction was taken away. A pardon falling short of this would not be a pardon, according to the judicial construction which that act of executive grace has received. (*Ex parte Garland,* 4 Wall. 344, [18 L. Ed. 366] ; *Knote* v. *United States,* 95 U. S. 149, [24 L. Ed. 442], and cases there cited; *Young* v. *Young,* 61 Tex. 191.) Cases may be found holding that a pardon does not operate as a bar against a proceeding to strike an attorney from the rolls on account of the professional misconduct involved in the transaction which culminated in the conviction. (*Sanborn (Penobscot Bar)* v. *Kimball,* 64 Me. 140; *In re* . . . . . . . . ., an attorney, 86 N. Y. 563.) In these cases the proceedings to disbar were not founded on statutes like ours, declaring the effect of a felony conviction, but upon facts showing professional misconduct. Where the proceeding, as in this case, depends alone upon the felony conviction, and that is wiped out by a pardon, the whole case falls."

In legal effect the case at bar comes within the rule, which we think is correctly stated in the Texas case. Notwithstanding that the respondent at one time stood convicted of a felony and that the record of conviction might have been used as the foundation for this proceeding while the judgment of conviction was in force, it is no longer possible, after the pardon, to disbar him by this statutory proceeding wherein, if it is maintainable at all, judgment must go against him without any opportunity to defend against any present imputation against his moral character. If those responsible for this prosecution believe, or have grounds for believing, that the respondent is not now a person of good moral character, or that he has committed any acts which should move the court in its discretion to disbar him at this time, those charges should be framed in such manner as will fairly test the respondent's rights by giving him a full opportunity to defend upon the merits.

The objections made by respondent are (as to the points discussed herein) sustained and the proceeding is dismissed.

James, J., and Shaw, J., concurred.