## Ex Parte Crisler.

(Division A. Feb. 2, 1931.)

[132 So. 103. No. 29195.]

Chalmers Potter and W. H. Watkins, both of Jackson, for appellant.

**Smith, C. J.,** delivered the opinion of the court.

In December, 1928, the appellant was convicted in the court below of the crime of embezzlement, and sentenced to a term in the penitentiary. He was then a duly licensed and practicing attorney at law, and the judgment included an order forever disbarring him from the practice of law in the state of Mississippi. After serving a portion of his term in the penitentiary, he was granted a full pardon by the Governor. Some time after receiving this pardon, he filed a petition in the court below, setting up his conviction and pardon, and praying that the order disbarring him from the practice of law be annulled. The court below declined to grant the prayer of the petition, and dismissed it.

The order of disbarment was not made pursuant to a proceeding instituted for that purpose under the statute that now appears in the Code of 1930 as section 3703, but was made in accordance with the statute that appears in the Code of 1930 as section 3695, and was, therefore, a part of the punishment imposed for the commission of the crime of which the appellant was convicted.

Section 124 of the state constitution provides that: "In all criminal and penal cases . . . the governor shall have power to grant reprieves and pardons, . . . but no pardon shall be granted before conviction."

In the first volume of the Eighth Edition of Bishop's Criminal Law, section 916, it is said that: "A full pardon absolves the party from all the legal consequences of his crime and his conviction, direct and collateral; including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided."

This statement of the effect of a pardon is in accord with the authorities. In Jones v. Board of Registrars, 56 Miss. 766, 31 Am. Rep. 385, a convict who had been pardoned was denied the right to register as a voter, and, in reversing the judgment of the lower court, this court said that: "The doctrine of the authorities is, that 'a pardon reaches both the punishment prescribed for the offence, and the guilt of the offender,' and that 'it releases the punishment and blots out of existence the guilt, so that, in the eye of the law, the offender is as innocent as if he had never committed the offence.' 'If granted after conviction, it removes the penalties and disabilities, and restores him (the convict) to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.' . . . A pardon by the governor is an act of sovereign grace, proceeding from the same source which makes conviction of crime a ground of exclusion from suffrage. The act of absolution is of as high derivation and character as the act of proscription. The pardon must be held to rehabilitate the person in all his rights as a citizen, and to deny to any officer of the state the right to impute to him the fact of his conviction. After the pardon, he is as if he was never convicted. It shall never be said of him that he was convicted. The pardon obliterates the fact of conviction, and makes it as if it never was."

In the light of this decision, the citation of other authorities is unnecessary, but it may not be amiss to state that the rule there applied to the effect of a pardon on the right of suffrage forfeited because of the commission of the crime for which the pardon was granted has been applied by other courts to the effect of a pardon on the

disbarment of an attorney at law as part of the punishment for the commission of the crime for which the pardon was granted. Ex parte Garland, 4 Wall. 333, 18 L. Ed. 366; Scott v. State, 6 Tex. Civ. App. 343, 25 S. W. 337; In re Emmons, 29 Cal. App. 121, 154 Pac. 619.

It may be that the court below acted on the theory that the intent of the statute appearing as section 3695, Code of 1930, is to exclude from the practice of law "a class of persons deemed unfit to be allowed to exercise this privilege, and that their unfitness is evidenced by the fact of conviction." of a felony; "and that, as a pardon does not destroy the fact of their conviction, they are excluded because of their unfitness, thus evidenced." This view of the matter was rejected in Jones v. Board of Registrars, supra.

We are not here confronted with a proceeding under section 3703, Code of 1930, to disbar an attorney on account of professional misconduct involved in the transaction which culminated in his conviction and pardon, as was the case in Sanborn v. Kimball, 64 Me. 140, and In re Attorney, 86 N. Y. 563; and, of course, express no opinion on that question. What we here hold, and all that we do hold, is that a full pardon absolves an attorney at law from all the consequences of an order of disbarment made under the statute now appearing as section 3695, Code of 1930, as a part of the punishment for the commission of a crime.

The judgment of the court below will be reversed, and a judgment in accordance with the prayer of the petition will be rendered here.

Reversed, and judgment here.