EN BANC ORDER

MICHAEL K. RANDOLPH, Justice, for the Court.
Four of the justices of this Court are of the opinion that the judgment of the Court of Appeals should be affirmed, and four are of the opinion that it should be reversed; consequently, that judgment must be, and is, affirmed. Rockett Steel Works v. McIntyre, 15 So.2d 624, 624 (Miss.1943). This result was first dictated by Chief Justice Marshall for the United States Supreme Court, as follows:
No attempt will be made to analyze [the parties’ arguments and cited cases], or to decide on their application to the case before us, because the Judges are divided respecting it. Consequently, the principles of law which have been argued cannot be settled; but the judgment is affirmed, the court being divided in opinion upon it.
Etting v. Bank of United States, 24 U.S. 59, 78, 11 Wheat. 59, 6 L.Ed. 419 (1826). In Durant v. Essex Co., 74 U.S. 107, 7 Wall. 107, 19 L.Ed. 154 (1868), addressing the effect of affirmance by a divided court, Justice Field wrote that:
There is nothing in the fact that the judges of this court were divided in opinion upon the question whether the decree should be reversed or not, and, therefore, ordered an affirmance of the decree of the court below. The judgment of affirmance was the judgment of the entire court. The division of opinion between the judges was the reason for the entry of that judgment; but the reason is no part of the judgment itself.
Durant, 74 U.S. at 110. The U.S. Supreme Court has further explained that:
it is obvious that that which has been done must stand unless reversed by the affirmative action of a majority. It has therefore been the invariable practice to affirm, without opinion, any judgment or decree which is not decided to be erroneous by a majority of the court sitting in the cause.... [A]n affirmance by an equally divided court is ... a conclusive determination and adjudication of the matter adjudged; but the principles of law involved not having been agreed upon by a majority of the court sitting prevents the case from becoming an authority for the determination of other cases, either in this or in inferior courts.
Hertz v. Woodman, 218 U.S. 205, 212-14, 30 S.Ct. 621, 622-23, 54 L.Ed. 1001 (1910).
Accordingly, as the judgment of the Court of Appeals has not been decided to be erroneous by a majority of the justices sitting in this case, we affirm, without opinion, the judgment of the Court of Appeals.
SO ORDERED.
KING, J, NOT PARTICIPATING.