KING, Justice,
for the Court:
¶ 1. This Court is presented with the following issue: whether a convicted felon is entitled to an expungement of her conviction after receiving an executive pardon. Because there is no statutory authority in Mississippi for the courts to order an ex-pungement under these circumstances, we affirm the trial court’s order denying the request for expungement in today’s case.

FACTS

¶ 2. On March 10, 2000, the Tallahat-chie County Grand Jury indicted Rebecca Hentz for one count of conspiracy to manufacture methamphetamine and two counts of attempt to manufacture methamphetamine. On September 25, 2000, Hentz pleaded guilty to one count of attempt to manufacture methamphetamine. The Circuit Court of the First Judicial District of Tallahatchie County sentenced Hentz to thirty years, suspended, unsupervised probation, and a $5,000 fine. The trial court remanded to the file the other counts in Hentz’s indictment.
¶ 3. On January 10, 2012, Governor Haley Barbour granted Hentz a “full, complete, and unconditional pardon” for the attempt-to-manufacture-methamphetamine conviction. Later in 2012, on October 2, Hentz filed a Motion to Expunge Record, claiming that the records of her conviction should be expunged because she had received a pardon. On May 20, 2013, Hentz filed an Amended Motion to Expunge Record, which included additional support for the contention that the records of her conviction should be expunged. After hearing oral argument from Hentz’s counsel, the trial court denied her motion. Hentz then timely appealed to this Court.

ANALYSIS

¶ 4. Hentz raises one issue on appeal: whether a convicted felon may have her criminal record expunged after receiving an executive pardon.[1]
¶ 5. Expungement is statutory in nature, and the Mississippi Legislature has “authorized expungement of criminal offender records in limited cases.... ” Caldwell v. State, 564 So.2d 1371, 1372 (Miss.1990). As an example, Mississippi Code Section 99-19-71 permits criminal defendants to apply for expungement in a number of circumstances: (1) persons convicted of a misdemeanor as a first offender; (2) persons convicted of certain felonies as a first offender;[2] (3) and persons in “any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.” See also Miss. Code Ann. § 99-15-59 (Rev. 2007) (expungement of misdemeanor charges); Miss.Code Ann. § 99-15-57(2) (Rev. 2007) (“Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges *1141 were dropped or there was no disposition of such case.”); Miss.Code Ann. § 99-23-28 (Rev. 2007) (expungement upon completion of drug court program).
¶ 6. Hentz concedes that there is no statutory provision for expungement in cases of a pardon. Rather than claiming she is statutorily entitled to have her criminal record expunged, Hentz claims that the nature of a pardon itself should permit the expungement. In support of this proposition, Hentz quotes Jones v. Board of Registrars, 56 Miss. 766 (1879). In Jones, a convicted felon received a presidential pardon for federal embezzlement charges and subsequently was denied voter registration. Id. at 766. Finding that Jones might register to vote after the pardon, this Court stated:
If granted after conviction, [the pardon] removes the penalties and disabilities, and restores him [the convict] to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.... A pardon is an act of grace by which an offender is released from the consequences of his offense, so far as such release is practicable and within the control of the pardoning power, or of officers under its direction. In contemplation of law, it so far blots out the offence, that afterwards it cannot be imputed to him to prevent the assertion of his legal rights. A pardon of treason or felony, even after an attainder, so far clears the party from the infamy, and all other consequences thereof, that he may have an action against any who shall afterwards call him traitor or felon; for the pardon makes him, as it were, a new man.
Id. at 768 (internal citations and quotations omitted). Although Jones discusses the after-effects of pardon, it does not specifically address expungement. See id.
¶ 7. Hentz also cites Ex parte Crisler, 159 Miss. 247, 132 So. 103 (1931), in support of her contention that the nature of a pardon should permit the trial court to expunge her criminal record. While Cris-ler does state that a “full pardon absolves the party from all the legal consequences of his crime and his conviction, direct and collateral; including the punishment, whether of imprisonment pecuniary penalty, or whatever else the law has provided;” the opinion expressly limits itself to cases of attorney disbarment. Id. at 103-04 (quoting 8 Bishop’s Criminal Law § 916) (“What we here hold, and all that we do hold, is that a full pardon absolves an attorney at law from all the consequences of an order of disbarment....”).
¶ 8. Jones, 56 Miss. 766, and Crisler, 159 Miss. 247, 132 So. 103, both cite Ex parte Garland, 71 U.S. 333, 4 Wall. 333, 18 L.Ed. 366 (1866), in which the United States Supreme Court also concluded that pardon “releases the punishment and blots out the existence of guilt.” The language in Garland, however, has since been held to be dicta; and more recent caselaw holds that a pardon does not “blot out” the existence of guilt:
But modern case law emphasizes ... that this historical language was dicta and is inconsistent with current law. See In re North, 62 F.3d 1434, 1437 (D.C.Cir.1994). A pardon in no way reverses the legal conclusion of the court; it “does not blot out guilt or expunge a judgment of conviction.” North, 62 F.3d at 1437;. see also Nixon v. United States, 506 U.S. 224, 232, 113 S.Ct. 732, 122 L.Ed.2d 1 (1993) (“a pardon is in no sense an overturning of a judgment of conviction by some other tribunal”); Burdick v. United States, 236 U.S. 79, 94, 35 S.Ct. 267, 59 L.Ed. 476 (1915) (a pardon “carries an imputation of guilt”). The effect of a pardon is not to prohibit all consequences of a pardoned convic *1142 tion, but rather to preclude future punishment for the conviction. See Nixon, 506 U.S. at 232, 113 S.Ct. 732; Bjerkan v. United States, 529 F.2d 125, 127-28 (7th Cir.1975).
Hirschberg v. Commodity Futures Trading Comm’n, 414 F.3d 679, 682 (7th Cir. 2005) (emphasis in original); see also Fletcher v. Graham, 192 S.W.3d 350 (“[WJhile a pardon will foreclose punishment of the offense itself, it does not erase the fact that the offense occurred, and that fact may later be used to pardonee’s detriment.”).
¶9. Further, recent caselaw supports the contention that, absent statutory authority, expungement is not permitted after a pardon. In Eubanks v. State, 53 So.3d 846 (Miss.Ct.App.2011), a defendant with a driving-under-the-influence conviction requested that the court consider an “equitable expungement” in cases where expungement was not statutorily provided. The Court of Appeals rejected this argument, finding that trial courts had the power to expunge a felony conviction pursuant to a guilty plea only under certain statutory conditions. Id. at 848. See also Turner v. State, 876 So.2d 1056, 1059 (Miss.Ct.App.2004) (recognizing that circuit courts lack inherent power to order expungement of criminal records).
¶ 10. Although this Court has not directly addressed the issue presented in today’s case,[3] the Mississippi Attorney General’s Office has addressed this exact issue. See Smith, 2012 Op. Att’y Gen. 337, 2012 WL 3611766 (Miss.A.G. Aug. 10, 2012). The Attorney General was presented with the following question: “Does receiving a pardon from the Governor allow the defendant to then request that the record of the conviction, which includes the arrest, indictment, conviction, and sentence be expunged?” Id. The opinion recognizes that “there is no statutory or constitutional authority providing for the expungement of an offense as a result of a pardon by the Governor.”[4] Id. The dissent emphasizes that Article 5, Section 124 of the Constitution of the State of Mississippi empowers the Governor to grant reprieves and pardons, and that to give that section effect, an ex-pungement must go part and parcel with the pardon. However, Article 5, Section 124, unlike the U.S. constitution and that of some other states,[5] limits the Governor’s pardon power by mandating that “no pardon shall be granted before conviction.” Miss. Const, art. 5, § 124. Thus, the constitution specifies that no pardon may be granted until a record of the crime is created via conviction. The Legislature has not chosen to negate this record required by the constitution by providing for expungement in the case of a pardoned offense, indicating that the history behind the offense should be retained unless or until the Legislature provides otherwise.
¶ 11. Because there is no statutory basis in Mississippi for an expungement after a criminal defendant receives an executive pardon, the trial court in today’s case did *1143 not err in denying Hentz’s motion to expunge her criminal record. As such, we affirm the judgment of the trial court.

CONCLUSION

¶ 12. For the reasons discussed above, we affirm the judgment of the Circuit Court of the First Judicial District of Tal-lahatchie County.
¶ 13. AFFIRMED.
WALLER, C.J., AND PIERCE, J., CONCUR. RANDOLPH, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., CHANDLER AND COLEMAN, JJ. LAMAR, J., NOT PARTICIPATING.

. Polk v. State, 150 So.3d 967, (Miss. Oct.9, 2014), a case in which the mandate has not issued, addresses the same issue as is presented in today's case.

. Hentz’s conviction-attempt to manufacture methamphetamine under Mississippi Code Section 97-1-7-is not one of the specific felonies listed in Section 99-19-71. See Miss. Code Ann. § 97-1-7 (Rev. 2014).

. See fn. 1 supra.

. The dissent argues that Mississippi Code Section 99-15-57(2) provides statutory authority for expungement in this case, because it provides for expungement when "an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case.” We point out that none of those situations apply. The case was not dismissed, die charges were not dropped, and the case was disposed of via Hentz’s conviction. Indeed, each of these situations are applicable only to cases in which no conviction exists, and thus are clearly inapplicable here.

.See U.S. Const. Art. II § 2, cl. 1; Fletcher v. Graham, 192 S.W.3d 350 (Ky.2006).