IN THE SUPREME COURT OF MISSISSIPPI
NO. 2013-CA-01404-SCT

*KATHERINE ROBERTSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/15/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS M. FORTNER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 01/22/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Katherine Robertson pleaded guilty to aggravated assault in 2006. In 2012, Governor Haley Barbour pardoned Robertson, and she filed a motion to have her record expunged. The circuit judge denied the motion, and Robertson appealed. The issue presented was a novel one when Robertson filed her appeal, but it has since been decided. The Court recently held that statutory authority does not provide for expungement of a pardoned conviction. ***Polk v. State***, 150 So. 3d 967 (Miss. 2014). Therefore, we affirm the trial court's denial of Robertson's motion to expunge.

## Facts and Procedural History

¶2. Katherine Robertson was indicted for aggravated assault in 2006 after she shot and injured a man. She entered a guilty plea and was sentenced to twenty years in prison, with five years suspended. In January 2012, former Governor Haley Barbour issued an executive order granting "a full, complete, and unconditional pardon" to Robertson. Based on the governor's pardon, Robertson filed a motion to expunge her record in the Madison County Circuit Court. The circuit court denied the motion, holding that it did not have authority to expunge a record. Robertson filed a motion to reconsider, a short hearing was held, and the judge denied the motion to reconsider. Robertson appealed.

## Discussion

¶3. Expungement is statutory in nature. "This Court applies a de novo standard of review to questions of statutory interpretation." *Finn v. State*, 978 So. 2d 1270, 1272 (¶ 6) (Miss. 2008) (citing *Capital One Servs. v. Page*, 942 So. 2d 760, 762 (Miss. 2006)). The Court has held that circuit courts do not have the inherent power to expunge criminal records, but they can do so if statutorily authorized. *Caldwell v. State*, 564 So. 2d 1371, 1373 (Miss. 1990). The Legislature has authorized expungement of criminal records in certain instances, including: youth court cases; first offense misdemeanor convictions before age twenty-three; convictions for drug possession before age twenty-six; convictions for purchasing alcohol as a minor; and municipal court convictions. *See Caldwell*, 564 So. 2d at 1373 (code sections omitted). However, the Court recently held that there is no statutory authority for expungement of a pardoned conviction. *Polk v. State*, 150 So. 3d 967 (Miss. 2014).

¶4. Robertson argues that Mississippi Code Section 99-19-71(4) governs her situation and mandates expungement of her criminal record. That section provides: "Upon petition therefor, a justice, county, circuit or municipal court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case." Miss. Code Ann. § 99-19-71(4) (Supp. 2014). Robertson claims that, because she was granted a full and unconditional pardon, the pardon erased her conviction and it is "as if it never was." She writes that the effect of the pardon is that "she was arrested, released, and there was no disposition of the case," therefore, the circuit court was required to grant expungement under Section 99-19-71(4). We do not agree. Section 99-19-71(4) does not apply to Robertson because she was not released after arrest, the case against her was not dismissed, and the charges were not dropped. *See* Miss. Code Ann. § 99-19-71(4) (Supp. 2014). Robertson entered a guilty plea and was sentenced; therefore, there was a disposition of the case.

¶5. The same argument that Robertson makes was made in ***Polk v. State***. In that case, Zachary Polk was indicted on three counts of possession of controlled substances. ***Polk***, 150 So. 3d at 967-68 (¶ 1). He entered a guilty plea for Count I, and Counts II and III were retired to the files. ***Id.*** Polk was sentenced to ten years in prison, but he received a gubernatorial pardon in January 2012. ***Id.*** Polk filed a petition for expungement of his arrest and indictment. ***Id.*** at 968 (¶ 2). The circuit court held that it did not have authority to expunge Polk's record as to any of the charges. ***Id.*** at 968 (¶ 3). Polk appealed, and the Court affirmed in part and reversed in part. The Court reversed as to Counts II and III, which had been retired to the files, and held that those counts were eligible for expungement under

3

Mississippi Code Section 99-15-26(5). *Id.* at 968, 971 (¶¶ 5, 15). The Court affirmed as to Count I, to which Polk had pleaded guilty, holding that there was "no statutory basis for expungement of the record of the criminal conviction for which Polk was pardoned[.]" *Id.* at 970 (¶ 14). The Court held that a pardon absolves only the punishment:

> Having studied the matter before us, we find no convincing authority that a gubernatorial pardon automatically entitles the recipient to have his or her criminal record expunged. To us, an unconditional pardon solely removes all legal punishment for the offense and prevents any future legal disability based on that offense. It does not edit history. In the words of [*State v. Boykin*, 4 N.E. 3d 980 (Ohio 2013)], "what's done is done." *Boykin*, 4 N.E. 3d at 986. *See also State v. Skinner*, 632 A. 2d 82, 84-85 (Del. 1993) ("A pardon involves forgiveness[,] . . . not forgetfulness[,] . . . it does not wipe the slate clean.") (inner quotation marks and citation omitted). Expungement from official records all records relating to an arrest, indictment, trial, and finding of guilt, in order to restore one to the status occupied prior thereto, is an altruistic objective for the legislative branch to contemplate and prescribe.

*Id.* at 970 (¶ 13).

¶6.    The Court reached the same conclusion in *Hentz v. State*, ___ So. 3d ___, 2014 WL 7079773 (Dec. 11, 2014). Rebecca Hentz was indicted for one count of conspiracy to manufacture methamphetamine and two counts of attempt to manufacture methamphetamine. *Id.* at *1 (¶ 2). She pleaded guilty to one count of attempt to manufacture, and the remaining counts were remanded to the file. *Id.* Hentz was sentenced to thirty years suspended, unsupervised probation. *Id.* Governor Barbour granted Hentz a "full, complete, and unconditional pardon," and Hentz filed a motion to expunge her record. *Id.* at *1 (¶ 3). The trial court denied her motion. *Id.* On appeal, Hentz admitted that no statutory authority provided for expungement after a pardon, but she argued that the nature of a pardon should permit expungement. *Id.* at *1 (¶ 6). The Court declined to accept Hentz's argument,

4

holding that expungement is left to the Legislature, and the Legislature has not provided for expungement of a criminal record after an executive pardon. *Id.* at *3 (¶ 10). The trial court's denial of Hentz's motion to expunge her record was affirmed. *Id.* at *3 (¶ 11).

¶7.     *Polk* and *Hentz* mandate affirmance of the trial court's denial of Robertson's motion to expunge. A pardon does not erase a conviction or make it as if the charges were dropped and there was no disposition of the case. Robertson entered a guilty plea and was sentenced; therefore, Section 99-19-71(4) does not apply. No statutory authority provides for expungement of a criminal record after a pardon.

## Conclusion

¶8.     Based on the foregoing, we affirm the circuit court's denial of Robertson's motion to expunge her record.

¶9.     **AFFIRMED.**

**WALLER, C.J., RANDOLPH, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR. DICKINSON, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

5