# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01501-SCT

*CLARENCE JONES*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/19/2013 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY, JR. |
| TRIAL COURT ATTORNEYS: | BERT CARRAWAY |
| | THOMAS M. FORTNER |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS M. FORTNER |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 02/26/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In 1992, Clarence Jones pleaded guilty to murder in the Circuit Court of Warren County, receiving a sentence of life imprisonment in the custody of the Mississippi Department of Corrections. Jones's sentence was indefinitely suspended in 2004 by Governor Musgrove. He was released from prison on parole. In 2008, Governor Barbour granted Jones a pardon. In 2013, Jones moved the Circuit Court of Warren County to expunge his record because he had received a pardon for his conviction.

¶2.    After a hearing on the matter, the trial court denied Jones's request to have his record expunged, finding that expungements were a creature of statute and that the Legislature has not included "receiving pardons" as grounds for expungement eligibility. Jones then appealed to this Court, raising the following issue:

> Whether the Circuit Court has the statutory authority and/or constitutional obligation to order expungement of a person's murder conviction when that person has received a full, complete and unconditional pardon of the conviction from the Governor pursuant to the Executive's broad constitutional authority to pardon.

## STANDARD OF REVIEW

¶3.    On appeal, this Court reviews questions of law under a *de novo* standard. ***Polk v. State***, 150 So. 3d 967, 968 (Miss. 2014), *reh'g denied* Dec. 4, 2014 (citing ***Brown v. State***, 731 So. 2d 595, 598 (Miss. 1999)).

## ANALYSIS

¶4.    This Court recently addressed expungement after pardon in ***Polk v. State***, 150 So. 3d 967. Jones makes the same arguments that were rejected in ***Polk***, *i.e.*, that he is entitled to receive an expungement of his conviction based upon his pardon, citing Mississippi Code Section 99-19-71(4) and ***Ex Parte Crisler***, 132 So. 103, 159 Miss. 247 (1931).

¶5.    In ***Polk***, this Court decided that no "statutory basis" existed which would allow Polk's conviction to be expunged based on his gubernatorial pardon. ***Polk***, 150 So. 3d at 970. Further, this Court determined that ***Crisler***'s authority was limited only to this Court's narrow holding " that a full pardon absolves an attorney at law from all the consequences of an order of disbarment . . . as part of the *punishment* for the commission of a crime." ***Polk v. State***, 150 So. 3d at 970 (quoting ***Crisler***, 132 So. at 104). This Court stated:

2

Having studied the matter before us, we find no convincing authority that a gubernatorial pardon automatically entitles the recipient to have his or her criminal record expunged. To us, an unconditional pardon solely removes all legal punishment for the offense and prevents any future legal disability based on that offense. It does not edit history.

*Polk*, 150 So. 3d at 970.

¶6.     Today's facts resemble those seen in *Polk*,[1] and the arguments are almost identical, thus requiring a decision correlating to that which already has been decided. We reject Jones's arguments.

## CONCLUSION

¶7.     The judgment of the Warren County Circuit Court is affirmed.

¶8.     **AFFIRMED**.

**WALLER, C.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.   DICKINSON, P.J., NOT PARTICIPATING.**

---

[1] *Polk* is different in that Polk raised two issues on appeal. This Court reversed the trial court's decision, allowing Polk to seek an expungement pursuant to Mississippi Code Section 99-15-26(5) for two counts that had been "retired to files" by the district attorney. However, this Court upheld the trial court's decision denying his request for an expungement of his pardoned conviction. *Polk*, 150 So. 3d at 970-71.