PIERCE, Justice,
dissenting:
¶31. Expungement is a creature of statute. Hentz v. State, 152 So.3d 1139 (Miss.2014); Polk v. State, 150 So.3d 967 (Miss.2014); Caldwell v. State, 564 So.2d 1371, 1372 (Miss.1990). The effect of an expunction order is “to restore the person, in the contemplation of the law, to the status occupied before any arrest or indictment for which convicted.” Miss.Code Ann. § 99-19-71(3) (Rev.2007); Miss.Code Ann. § 41-29-150(d)(2) (Rev.2008); Stewart v. The Mississippi Bar, 84 So.3d 9, 14 (Miss.2011) (quoting Sections 99-19-71(3) and 41-29-150(d)(2)). “It does not however, expunge the underlying facts leading to the legal actions .... [and] ‘does not erase the underlying conduct or behavior.’” In re Jarman, 860 N.W.2d 1, 6 (2015) (quoting Wright v. Tenn. Peace Officer Standards & Training Comm’n, 277 S.W.3d 1, 13 (Tenn.Ct.App.2008); State v. Lane, 3 S.W.3d 456, 462 (Tenn.1999)). As the Tennessee Court of Appeals recognized in Wright, while an expungement returns the person to the position “occupied before such arrest or indictment[,]” it “does not return a person to the position occupied prior to committing the offense.” Wright, 277 S.W.3d at 12.
¶ 32. Mississippi law contemplates the same. “The existence of an order of ex-punction shall not preclude an employer from asking a prospective employee if the employee has had an order of expunction entered on his behalf.” Stewart, 84 So.3d at 15 (quoting Section 99-19-71(3)). “The expunged conviction may be used for purposes of determining habitual offender status and for use of the Mississippi Law Enforcement Standards and Training Board in giving or retaining law enforcement certification, and to ensure that a person is only eligible for first-offender status one (1) time.” Id. (citing Section 45-27-21). Prospective jurors, if requested, must disclose an expunction order to the court in camera. Id. (citing Sections 99-19-71(3) and 41-29-150(d)(2)).
¶ 33. Here, Mississippi Code Section 45-33-55 makes clear that, aside from juvenile criminal history records, Mississippi’s Sex Offender Registration Law does not except from the Act expunged records *1169 pertaining to sex offenses, as defined by Mississippi Code Section 45-33-23.
¶ 34. Jeffrey Stallworth’s “conduct and [guilty] plea” in Maryland constituted a registrable offense in Mississippi. Stallworth v. Miss. Dep’t. of Pub. Safety, 986 So.2d 259, 264 (Miss.2008); see also Miss. Code Ann. § 45-33-23(g)(xviii) (Rev.2011) (“Any other offense resulting in a conviction in another jurisdiction which, if committed in this state, would be deemed to be such a crime without regard to its designation elsewhere”). Whether Stallworth obtained an expunction order in Maryland is of no matter given Section 45-33-55. Stallworth must still comply with the registration requirements set forth under Mississippi’s Sex Offender Registration Law.
¶ 35. For these reasons, I dissent from the majority’s decision finding otherwise.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.