RANDOLPH, Presiding Justice,
specially concurring:
¶ 46. I am constrained to specially concur, while maintaining that the issuance of a judgment of affirmance is the only appropriate disposition of the case sub judi-ce. Today, four justices agree to affirm the chancellor’s judgment, and four justices disagree. Thus, the judgment of the chancery court should be affirmed. See Rockett Steel Works v. McIntyre, 15 So.2d 624 (Miss.1943) (“Three of the judges of this Court are of the opinion that the judgment of the court below should be affirmed, and three [are] of the opinion that it should be reversed; consequently, that judgment must be, and is affirmed.”).
¶47. Courts of our nation recognized early on that competing opinions of an evenly divided court should be rejected, for they fail to offer any precedential value. I remain perplexed by this Court’s recent reluctance[16] to apply the principle of law announced by no lesser authority than Chief Justice John Marshall and applied by numerous justices who followed him in the United States Supreme Court. In Etting v. Bank of United States, 24 U.S. (11 Wheat.) 59, 78, 6 L.Ed. 419 (1826), Chief Justice Marshall wrote, as follows:
No attempt will be made to analyze [the parties’ arguments and cited cases], or to decide on their application to the case before us, because the Judges are divided respecting it. Consequently, the principles of law which hav.e been argued cannot be settled; but the judgment is affirmed, the court being divided in opinion upon it.
Etting, 24 U.S. at 78. In Durant v. Essex Co., 74 U.S. (7 Wall.) 107, 19 L.Ed. 154 (1868), addressing the effect of affirmance by an equally divided court, Justice Field wrote that:
There is nothing in the fact that the judges of this court were divided in opin *849 ion upon the question whether -the decree should be reversed or not, and, therefore, ordered an affirmance of the decree of the court below. The judgment of affirmance was the judgment of the entire court. .The division of opinion between the judges was the reason for the entry of that judgment; but the reason is no part of the judgment itself.
Durant, 74 U.S, at 110. The U.S. Supreme Court has further explained that:
it is obvious that that which has been done must stand unless reversed by the affirmative action of a majority. It has therefore been the invariable practice to affirm, without opinion,, any judgment or decree which is not decided to be erroneous by a majority of the court sitting in the cause.... [A]n affirmance by an equally divided court is ... a conclusive determination and adjudication of the matter adjudged; but the principles of law involved not having been agreed upon by a majority of the court sitting prevents the cage from becoming an authority for the determination of other cases, either in this or in inferior courts.
Hertz v. Woodman, 218 U.S. 205, 212-14, 30 S.Ct. 621, 622-23, 54 L.Ed. 1001 (1910).
¶48. Our Court previously has addressed this issue and cited other state supreme court decisions which conformed to this principle. In Wise v. Valley Bank, 861 So.2d 1029 (Miss.2003), this Court held that:
When this Court is evenly divided, it must affirm the judgment of the court from which the appeal is taken, even if that judgment is from the Court of Appeals. There is a long standing history in this regard. Other states have historically done the same. In Tate v. Christy, 339 N.C. 731, 454 S.E.2d 242 (1995), the North Carolina Supreme Court held that the decision of the Court of Appeals would be left undisturbed where the participating members'of the Supreme Court were evenly divided as to affirmance or reversal. In Pierce v. Pierce, 244. Kan. 246, 767 P.2d 292 (1989), the Kansas Court of Appeals affirmed the trial court’s' holding.- On review by the Kans'as Supreme Court/ the justices were evenly divided; therefore, the court affirmed the Court of Appeals, which had affirmed the district court judgment. In Getschow v. Commonwealth Edison Co., 99 Ill.2d 528, 77 Ill. Dec. 83, 459 N.E.2d 1332 (1984), the Illinois Supreme Court' ruled that where it was evenly divided on a portion of the judgment, the Appellate Court’s judgment would stand.' In Christensen v. Epley, 287 Or. 539, 601 P.2d 1216 (1979), the Oregon Supreme Court was evenly divided on one issue of the case, which had been heard by the Court of Appeals; therefore, the decision by the Court of Appeals on that one issue was affirmed. In Benson v. First Trust & Savings Bank, 105 Fla. 135, 145 So. 182 (1932), the justices of the Florida Supreme Court on second rehearing were equally divided; therefore, the Supreme Court’s judgment on the first rehearing was sustained.
We hold that when this Court is evenly divided, the order or judgment of the court from which the appeal is taken must be affirmed.
Wise, 861 So.2d at 1032-33.
¶49. We should dispose of the case with a short opinion or order, similar to the order issued by this Court in Beecham v. State, 108 So.3d 394 (Miss.2012). In Beecham, this Court entered an En Banc Order, holding that, because the judgment of the' Court of Appeals had not been decided to be erroneous by a majority of the Court, the Court must affirm, without opinion, the judgment of the Court of Appeals. Id.
*850 ¶ 50. Not one justice in this case, or our •predecessors, has articulated a valid reason or offered contrary-authority why this principle should not be followed. Accordingly, I submit the chancellor’s judgment should be affirmed without opinion, as his opinion and judgment'have not been determined-erroneous by a majority of the justices, . V •

. See Cowart v. State, 178 So.3d 651, 670-71 (Miss.2015); Hentz v. State, 152 So.3d 1139, 1143 (Miss.2014).