## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-01496-COA

JOSHUA HOWARD A/K/A JOSHUA L. HOWARD         APPELLANT

v.

STATE OF MISSISSIPPI         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL: BY: SCOTT STUART JASON L. DAVIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | DENIED APPELLANT'S REQUEST FOR EXPUNGEMENT PURSUANT TO GUBERNATORIAL PARDON |
| DISPOSITION: | AFFIRMED - 04/11/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, P.J., ISHEE AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. Joshua Howard appeals from the Rankin County Circuit Court's denial of his motion for an expungement following his gubernatorial pardon. Pursuant to the controlling precedent of *Polk v. State*, 150 So. 3d 967 (Miss. 2014), we affirm.

### FACTS AND PROCEEDINGS BELOW

¶2. In 2009, Howard pleaded guilty to statutory rape and was sentenced to a term of twenty years, with seventeen years suspended. On January 10, 2014, the Governor of the

State of Mississippi granted a full, complete, and unconditional pardon for Howard's conviction. On June 25, 2014, Howard filed a motion in the Circuit Court of Rankin County asking that all records be expunged relating to the conviction for which he received the pardon. The court denied his motion, and Howard appeals.

**DISCUSSION**

¶3.     The issue in this appeal is whether the judiciary is required to order an expungement after a gubernatorial pardon is issued pursuant to Article 5, Section 124 of the Constitution of the State of Mississippi. In a five to four decision, the Mississippi Supreme Court held in *Polk*, 150 So. 3d at 968 (¶5), that pardoned individuals are not entitled to an expungement under current Mississippi law.

¶4.     The *Polk* majority held that the expungement of criminal records that have been kept pursuant to Mississippi Code Annotated section 45-21-1 (Rev. 2015) is "an act of legislative grace," and that neither our State nor our Federal Constitution provides a right to an expungement. *Polk*, 150 So. 3d at 968 (¶6). The court stated that "an unconditional pardon solely removes all legal punishment for the offense and prevents any future legal disability based on that offense. It does not edit history." *Id*. at 970 (¶13). Ultimately, the court held: "There being no statutory basis for expungement of the record of the criminal conviction for which [the appellant] was pardoned, the trial court correctly denied [the appellant's] petition to expunge the record(s) pertaining to his criminal conviction." *Id*. at (¶14).

¶5.     The minority opinion in *Polk* proffered that a criminal record itself is a punishment, and that to fully effectuate the function of a pardon, the record should be expunged. *Polk*,

2

150 So. 3d at 973 (¶23) (Kitchens, J., dissenting in part). *See United States v. Padelford*, 76 U.S. 531, 542 (1869) (*superseded in part by statute*) ("In the case of *Garland*, this court held the effect of a pardon to be such 'that in the eye of the law the offender is as innocent as if he had never committed the offence.'") (quoting *Ex parte Garland*, 71 U.S. 333, 380 (1866). Given the broad scope of a pardon, the minority would have found that Mississippi's general expungement statute entitles those pardoned to an expungement. *Polk*, 150 So. 3d at 973 (¶24) (Kitchens, J., dissenting in part); Miss. Code Ann. § 99-15-26(5) (Rev. 2015) ("Upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released, and the case was dismissed or the charges were dropped or there was no disposition of such case.").

¶6.     The majority holding in *Polk* has been reaffirmed in *Jones v. State*, 158 So. 3d 1144, 1146 (¶6) (Miss. 2015), and *Robertson v. State*, 158 So. 3d 280, 281 (¶1) (Miss. 2015).[1] *Polk* is fully applicable to Howard's circumstances, and we therefore affirm the judgment of the trial court.

**CONCLUSION**

¶7.     The trial court did not err in denying Howard's motion for an expungement. Under current Mississippi law, an individual is not entitled to an expungement following receipt of a gubernatorial pardon. Howard's argument on appeal is therefore without merit.

¶8.     **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

---

[1] *See also Hentz v. State*, 152 So. 3d 1139, 1140 (¶1) (Miss 2014) (With only eight justices participating, the supreme court affirmed the trial court's denial of an expungement on a four-four vote.).

**APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J.**

**WESTBROOKS, J., SPECIALLY CONCURRING:**

¶9. I agree that the Mississippi Supreme Court has held that one who has received a gubernatorial pardon is not entitled to an expunction of his record by the State under our State or Federal Constitution. Therefore, we are bound to follow the law of our highest court. I write separately because I agree with the dissent in *Polk v. State,* 150 So. 3d 967, 971 (¶23) (Miss. 2014). I am of the opinion that the effect of a gubernatorial pardon entitles one to an expungement.

¶10. Justice Kitchens addressed the issue of gubernatorial pardons and expungement in his dissent in *Polk v. State*, 150 So. 3d 967, 971 (¶23) (Miss. 2014) (Kitchens, J., dissenting in part). The majority opines that "an unconditional pardon solely removes all legal punishment for the offense and prevents any future legal disability based on that offense. It does not edit history." Maj. Op. at (¶4). But a record of conviction is a "punishment," not unlike the restrictions on a person's liberty that may accompany conviction. *Polk*, 150 So. 3d at 971 (¶23) (Kitchens, J., dissenting in part).

¶11. In *Hentz v. State*, 152 So. 3d 1139, 1146 (¶25) (Miss. 2014), Justice Kitchens also opined in his dissent that the plurality's decision to uphold *Polk* diminishes the effect of gubernatorial pardons in Mississippi. I agree. Justice Kitchens wrote in part:

> The plurality further opines that, "expungement is statutory in nature, and the
> Mississippi Legislature has 'authorized expungement of criminal offender

4

records in limited cases.' *Caldwell v. State*, 564 So. 2d 1371, 1372 (Miss. 1990)." But Mississippi Code Section 99-15-57(2) (Rev. 2007) provides that, "upon petition therefor, the court shall expunge the record of any case in which an arrest was made, the person arrested was released and the case was dismissed or the charges were dropped or there was no disposition of such case." Section 99-15-57(2), coupled with the breadth of the common law language articulated in *Crisler* that a gubernatorial pardon "makes the fact of conviction as if it never was," mandates expungement. [*Ex Parte Crisler*, 159 Miss. 247, 250, 132 So. 103 (1931)].

*Hentz*, 152 So. 3d at 1146 (¶24) (Kitchens, J., dissenting).

¶12. The point of a gubernatorial pardon is to restore the rights of the accused and convicted as if the conviction never had occurred. *Id*. To allow the conviction to remain on one's record after receiving a gubernatorial pardon is contrary to the spirit of the pardon and undermines the effect of it. There is no benefit in seeking a full pardon if a person, after demonstrating he is deserving of the same, is likely to face the same disabilities of a criminal conviction when he attempts to reenter society. Furthermore, the governor's decision to pardon is demonstrative of the State's certitude that it no longer has an interest in preserving the conviction. A full and unconditional pardon and an expunction must go hand in hand; otherwise the pardon will not realize its effect of restoration. "If granted after conviction, it removes the penalties and disabilities, and restores [the person convicted] to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity." *Polk*, 150 So. 3d at 971 (¶19) (Kitchens, J., dissenting in part) (quoting *Ex Parte Garland*, 71 U.S 333, 380-81 (1866)).[2]

---

[2] *Knote v. United States*, 95 U.S. 149 (1877); *Carlisle v. United States*, 83 U.S. 147 (1872); *United States v. Klein*, 80 U.S. 128 (1871); *United States v. Padelford*, 76 U.S. 531 (1869) (superceded by statute on other grounds); *Garland*, 71 U.S. 333.

¶13.   I agree with the dissent in *Polk* and would find that Mississippi statutes and case law give circuit courts authority to mandate expungement for gubernatorial pardons.  Based upon this premise, I would find that the Rankin County Circuit Court possessed the authority to grant an expungement due to Howard's gubernatorial pardon.

   **IRVING, P.J., JOINS THIS OPINION.**