# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00631-COA

**LEWIS P. BELL A/K/A LEWIS BELL A/K/A**                    **APPELLANT**
**LEWIS PRESTON BELL**

**v.**

**STATE OF MISSISSIPPI**                                                  **APPELLEE**

DATE OF JUDGMENT:               05/08/2023
TRIAL JUDGE:                          HON. WILLIAM HUNTER NOWELL
COURT FROM WHICH APPEALED:   COAHOMA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       LEWIS P. BELL (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                          BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:              CIVIL - OTHER
DISPOSITION:                        AFFIRMED - 03/12/2024
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     On September 16, 2022, Lewis P. Bell, pro se, petitioned the Coahoma County Circuit Court for the expungement of his 1970 burglary conviction for which he had been sentenced to seven years in custody, with three years to serve, and four years of probation. In his petition, Bell asserted that he had complied with his sentencing terms and that it had been five years since the completion of his sentencing. However, this fact was not supported or verified by any documentation.

¶2.     According to Bell, the Coahoma County Circuit Court Clerk's Office had moved case files from the 1970s, including his file, to an unidentified location. He further asserted that because the current clerk could not locate his file, he could not provide proof showing that

he completed all the terms and conditions of his sentence. Bell also did not provide any evidence in support of this assertion.

¶3. On May 8, 2023, the circuit court entered an order denying Bell's petition for expungement because Bell did not provide an affidavit from the clerk's office attesting to his lost or destroyed file. But even if Bell's file were lost or destroyed, the circuit court alternatively denied Bell's expungement petition because Bell had not shown that he had been rehabilitated. Bell appealed from the order on May 30, 2023. Bell's only contention on appeal is that the circuit court erred by finding that he did not provide sufficient evidence of his rehabilitation when he was unaware that proof of rehabilitation was required.

## STANDARD OF REVIEW

¶4. Expungement is statutory in nature, and we employ a de novo standard of review for statutory interpretations. *Watson v. State*, 329 So. 3d 1215, 1217 (¶4) (Miss. Ct. App. 2021) (citing *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015)). However, we review the findings of fact here for clear error. *Shelby v. State*, 311 So. 3d 613, 622 (¶39) (Miss. Ct. App. 2020).

## DISCUSSION

¶5. Expungement petitions are regarded as civil matters, requiring the circuit court to consider whether the asserted claim has been proved by a preponderance of the evidence. *See Bethany v. Stubbs*, 393 So. 2d 1351, 1355 (Miss. 1981) ("A preponderance of the evidence is the standard of proof normally applicable in civil matters . . . .").[1] In addition,

---

[1] Our caselaw is silent as to what extent or degree a petitioner must prove his rehabilitation. It may be that rehabilitation must be proved by substantial evidence or

2

the circuit court considers and is limited by the fact that expungement is "an act of legislative grace." *Watson*, 329 So. 3d at 1217 (¶5) (quoting *Polk v. State*, 150 So. 3d 967, 968 (¶6) (Miss. 2014)).

¶6. The legislative purpose of expungement is to promote rehabilitation. *Johnson v. State*, 333 So. 3d 116, 120 (¶10) (Miss. Ct. App. 2022). When a petitioner requests expungement of a felony, Mississippi Code Annotated section 99-19-71(2)(b) (Rev. 2020) controls. Section 99-19-71(2)(b) provides:

> In all cases, the court wherein the petition is filed ***may grant the petition if the court determines***, on the record or in writing, ***that the applicant is rehabilitated from the offense which is the subject of the petition***. In those cases where the court denies the petition, the findings of the court in this respect shall be identified specifically and not generally.

(Emphasis added). Based on the language of section 99-19-71(2)(b), two things are true: (1) it is within the circuit court's discretion to grant or deny an expungement petition; and (2) before granting the petition, the court must find that the petitioner has been rehabilitated. *Id.*

¶7. It is unmistakably clear to us that Bell failed to equip the circuit court with the necessary tools to determine whether Bell had been rehabilitated. According to the circuit court's order, "Bell fail[ed] to provide [the] Court with even a shred of evidence that he has been rehabilitated." We agree.

¶8. Although pro se petitions may be given some leniency, our Supreme Court has maintained that the petitioner should put forth a good faith effort. *Hesler v. Alcorn Cnty.*

---

credible evidence. We are certain, however, that some evidence must be given.

*Corr. Facility*, 315 So. 3d 1040, 1042 (¶11) (Miss. 2021). Nothing in our fourteen-page appellate record, however, shows or supports that Bell had been rehabilitated.

¶9. On appeal, Bell attempts to provide this Court with proof of his rehabilitation. But the time for presenting evidence of his rehabilitation has passed. We are limited to the record that was before the circuit court. Thus, on review, we will not reverse the circuit judge's ruling on a matter he did not have the opportunity of undertaking. The expungement statute does not require the circuit court to hold a hearing. Miss. Code Ann. § 99-19-71(2)(a) (providing that an expungement may be obtained "upon a hearing as determined in the discretion of the court"). Nor does the statute require the circuit court to grant a pro se petitioner leave to amend his petition. *See id.*

¶10. While it is unfortunate that Bell's petition to expunge was denied, given that he was convicted of the crime over fifty years ago, we cannot overturn the circuit court's decision unless we have a firm and unmistakable conviction that the circuit court erred. Because Bell did not assert, let alone present, *any* evidence of his rehabilitation, it was within the circuit court's discretion to deny Bell's petition for an expungement. As such, the order denying Bell's expungement is affirmed.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, McCARTY AND EMFINGER, JJ., CONCUR. LAWRENCE AND SMITH, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**